DAWKINS, J.
Defendant was convicted of the crime of murder, and his appeal to this court is based upon two bills of exeep *621 tion; the first reserved to the refusal of a new trial, and the second, to the overruling ■of a motion in arrest of judgment. Both hills rest upon the same point, that is, that the verdict of the jury was recorded out of his presence, and we shall therefore consider the two as one.
We are informed by the per curiam that the jury came into court, and, in the pres•ence of the accused and his counsel, rendered the following verdict: “We, the jury, find the accused guilty as charged. [Signed] J. W. Hughes, Foreman.” We are further informed that the jury was polled and each answered that the above was his verdict, and the court directed that the verdict be recorded and the accused was remanded to .jail to await sentence, all in the presence of accused and his counsel; that a few minutes thereafter another case was called, and the sheriff, without objection from accused or his counsel who was still present, placed the handcuffs upon the prisoner and took him to jail; and that while he was so absent and incarcerated, the verdict was later recorded at about 9 o’clock p. m. of the same •day.
Opinion.
[1] Under the early common law, it was .required that the accused should be present at every step in his case. This rule was evolved largely by the courts in the interest of the accused, because the old English law ■denied an accused person the right to be represented by counsel, and it was deemed ¡necessary that he should be present to be heard' in his own behalf if -he had complaint to make of the action of the court. This inhibition against the assistance of counsel was brought to this country along with the ■other rules and principles of the common law, hut was soon departed from, either by the ■courts or in virtue of statutes. But in England it prevailed well into the last century, ¡until abolished by Parliament.
With the passing of the reason for the rule strict adherence thereto was gradually relaxed, until to-day, about all that is required is that the accused shall be present at arraignment (in felony cases) to plead; at the trial, to enjoy the constitutional right of confronting the witnesses who testify against him; during the charge, to hear the court’s giving of the law affecting his case; at the verdict, to receive the jury’s decision; and, at the sentence, to hear the court’s judgment pronounced against him. Under the law, he is now always represented by counsel (in felony cases), either of his own choice, or, if unable to employ one, by appointment of the court; and it is sufficient if such counsel be present for him in matters occurring in court other than' those mentioned above. Bishop on Crim. Proc. vol. 1, § 276; State v. Outs, 30 La. Ann. 1155; State v. Clark, 32 La. Ann. 560; State v. Harris, 34 La. Ann. 121; State v. Gonsoulin, 38 La. Ann. 459; State v. Pierre, 39 La. Ann. 917, 3 South. 60; State v. Green, 33 La. Ann. 1408; State v. Dominique, 39 La. Ann. 323,1 South. 665; State v. White, 37 La. Ann. 173; State v. Hardaway, 50 La. Ann. 1349, 24 South. 320.
[2] It is the bettor practice to have the jury, through its foreman, pronounce the verdict, the clerk record it and then read it back to them, asking each if the words recorded represent his verdict, all in the presence of the accused before the jury is discharged, the purpose being to avoid dispute as to. what the verdict actually was; but we know of no law which requires that this be done in order to render the verdict valid, if it be otherwise conclusively shown what it was. Neither do we know of any law which requires that it be actually recorded in the presence of accused. On the other hand, it has been held by this court that where the verdict' was written on the back of the bill and signed by the foreman, the same would be held to be the true verdict, instead of the *623 entry made on the minutes by the clerk. State v. Reonnals, 14 La. Ann. 278; State v. Murray, 139 La. 280, 71 South. 510. In those cases, therefore, the correct verdict was never recorded, in the presence of the. accused or otherwise, except at it appeared in the transcript. See, also, 8 R. C. L. 235; 12 Cyc. 766.
Judgment affirmed.