229 So.2d 717

**STATE of Louisiana**

**v.**

**Billy Raymond AUSTIN.**

**No. 49763.**

Dec. 15, 1969.

James B. Thompson, III, of Dozier & Thompson, Baton Rouge, for appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for appellee.

BARHAM, Justice.

This is an appeal by Billy Raymond Austin, who was convicted of armed robbery and sentenced to 25 years at hard labor in the Louisiana State Penitentiary. According to the minutes of court of May 7, 1968, this defendant was present in open court and was sentenced, but there is no showing in the minutes that he was represented by counsel on that date. In fact, it is admitted in argument that counsel was not notified of the date and time of sentencing and was not present in court at sentencing.

In 1963 the United States Supreme Court in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733, overruled Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595, and held that the United States' Constitution made the right of an accused to counsel "fundamental and essential to a fair trial". All of our Louisiana Constitutions from 1812 down to the present time, with some changes in wording, have provided for the right to counsel. Article 1, Section 9, of our present Constitution guarantees to the accused in all criminal prosecutions the right "to have the assistance of counsel". In 1855, over a century before Gideon v. Wain-

wright, supra, Louisiana recognized the right of the defendant in certain felony cases to have the benefit of court-appointed counsel, and we have continually expanded this right. Act 121 of 1855, Sec. 17; Revised Statutes of 1856, Sec. 18, p. 162; Revised Statutes of 1870, Sec. 992 (a section included under "Criminal Proceedings", a forerunner of our first Code of Criminal Procedure); Code of Criminal Procedure of 1928, Arts. 142, 143, which became Secs. 142 and 143 of Title 15 of the Revised Statutes of 1950. Our present law has amplified and made more explicit the right of an accused to the assistance of counsel by requiring, among other things, the appointment of counsel in capital cases and for the indigent in other felony cases and an affirmative showing in the minutes of court either that the defendant was represented by counsel or that he was informed of this right and waived it. C.Cr.P. (1966) Arts. 511, 512, 513, 514.

The pertinent questions for our decision are whether sentencing is a stage of the criminal proceedings at which counsel is required, and if so, whether the lack of an affirmative showing in the record of counsel's presence is an error under Code of Criminal Procedure Article 920(2) so as to require our consideration without a bill of exception.

In the recent case of McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2, the court said: " * * * As we said in Mempa [v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336], 'the necessity for the aid of counsel in marshaling the facts, introducing evidence of mitigating circumstances and in general aiding and assisting the defendant to present his case as to sentence is apparent.' 389 U.S. at 135, 88 S.Ct. at 257, [19 L.Ed.2d at 341]. The right to counsel at sentencing must, therefore, be treated like the right to counsel at other stages of adjudication."

 If basic legal rights may be adversely affected or lost at a certain stage of the proceedings, the defendant is entitled to have counsel present at that time. We have required under Article 835 of the Code of Criminal Procedure that "In felony cases the defendant shall always be present when sentence is pronounced". Article 873 provides that if the defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. This three-day delay for sentencing, while mandatory unless expressly waived, does not automatically determine the date for imposing sentence. It is therefore necessary that the date of sentencing be set and notice of that assignment given.[1] Two important remedies or rights available to a defendant

---

1. There appears in this record a handwritten note by the defendant addressed to the judge requesting prompt sentencing; but this did not constitute waiver of defendant's right to counsel or a relinquishment of his right to have counsel notified of the time of sentencing.

may be exercised only after verdict and before sentence: the motion for a new trial (Articles 851 et seq.) and the motion in arrest of judgment (Articles 859 et seq.). Sentence imposed without the presence of defendant's attorney is illegal and of no effect, for certain vital issues cannot be raised and important rights may be lost if not raised or exercised prior to this stage of the proceedings.

The only other question for our consideration is whether, in the absence of a bill of exception on this point, we must notice that the record makes no showing that counsel was present and if so, whether this deficiency is grounds for annulling the sentence.

█ We have already concluded that the presence of counsel is mandatory at sentencing, and have recognized the statutory requirement of the accused's presence at sentence. Our jurisprudence is settled that *the record must affirmatively show* that the defendant in a felony case was present at "every important stage of the trial from the moment of his arraignment to his sentence". State v. Layton, 180 La. 1029, 158 So. 375; State v. Thomas, 128 La. 813, 55 So. 415; State v. Pepper, 189 La. 795, 180 So. 640; State v. Pope, 214 La. 1026, 39 So.2d 719. For historical background, see State v. Davis, 149 La. 620, 89 So. 867. If

the minutes do not show the defendant's presence at imposition of sentence, we must take note of this error.

█ Since *counsel must be present at* every important stage of the proceedings and sentencing is such an important stage that the defendant's presence is required and an affirmative showing of his presence is necessary, a fortiori, not only must counsel be present at sentencing but the record must indicate his presence. It is only through counsel's presence and the exercise of his professional ability and knowledge that the defendant's rights may be effectively protected. The broad language of Article 514 of the Code of Criminal Procedure is indicative of the legislative intent: *"The minutes of the court must show* either that the defendant was represented by counsel or that he was informed by the court of the defendant's right to court-appointed counsel." (Emphasis supplied.)

Thus our Constitution, statutory law, and jurisprudence compel us to decide that the record must reflect that counsel was present at every stage of the proceedings where counsel is essential for the preservation of the defendant's rights including sentencing, and that if the record does not show his presence at imposition of sentence, the sentence must be set aside.[2]

---

2. Since the State admits that counsel for defendant was absent at sentencing, we do not comment upon prior jurisprudence

in regard to correction of minute entries in certain instances.

Four bills of exception were preserved by the defendant, but we pretermit a discussion or determination of these bills, having found error by mere inspection of the pleadings and proceedings, which requires us to set aside the sentence as having been illegally imposed. C.Cr.P. Art. 920 (2).

We annul and set aside the sentence, and remand the case to the trial court for further proceedings according to law and consistent with this opinion.

FOURNET, C. J., did not participate.