241 So.2d 909

**STATE of Louisiana**

**v.**

**Billy Raymond AUSTIN.**

No. 50524.

Dec. 14, 1970.

James L. Dendy, Baton Rouge, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Richard H. Kilbourne, Dist. Atty., Fred C. Jackson, Asst. Dist. Atty., for plaintiff-appellee.

HAMLIN, Justice.

Having been convicted on February 23, 1970 of the crime of simple escape as defined in LRS 14:110.2, Billy Raymond Austin was sentenced to serve ten years at hard labor in the Louisiana State Penitentiary.

The defendant is appealing from such conviction and sentence and relies on one bill of exceptions to obtain a reversal thereof. (A second bill, reserved during the impaneling of the jury, has specifically been abandoned by the defendant in his brief to this court.)

The bill of exceptions urged here was reserved to the court's overruling the accused's motion to quash the information in which he set forth the following circumstances. On May 7, 1968 defendant was convicted of armed robbery and sentenced to serve twenty-five years at hard labor in the Louisiana State Penitentiary. Shortly after having been transferred to that institution he escaped but was caught and charged with simple escape. Upon being convicted he was sentenced to serve two years in the penitentiary, the sentence to run consecutively with the one he was then serving.

On December 15, 1969 this court set aside the May 7, 1968 *sentence* imposed in the robbery case, it having been found that the accused was not represented by counsel when he appeared for sentencing. 255 La. 108, 229 So.2d 717.

On December 27, 1969 (a few days after the sentence was annulled) defendant again escaped from custody but was rearrested. A second information charging him with illegal escape ensued. It is from the conviction and sentence on the second escape charge that the accused is presently appealing.

The motion to quash the information was based on the theory that, inasmuch as the original sentence imposed by the court on the armed robbery charge was invalid and null, the defendant was being illegally detained at the Louisiana State Penitentiary at the time of his escape; and that, therefore, the escape did not come within the purview of LRS 14:110.2, because a *lawful* detention in the said institution at the time of the escape is an essential element of the crime set forth in the statute.

Conceding, arguendo, that the detention must be legal in every respect, we nevertheless find no error in the court's overruling the motion to quash.

Reference to the opinion of this court discloses that our December 15, 1969 decree did not order that the accused be set at liberty; it did not even annul the conviction. It merely set aside the sentence, declaring that: "We annul and set aside the sentence, and remand the case to the trial court for further proceedings according to the law and consistent with this opinion."

Under these circumstances the detention of the accused at the time of his escape

was not illegal, as contended by him. Clearly, in view of the opinion and the decree of this court, which in effect merely remanded the case so that the defendant could be resentenced, it was the duty of the penitentiary warden to retain custody of the accused (who still stood convicted) until such time as the state could bring him before the Nineteenth Judicial District Court for the Parish of East Baton Rouge (which had imposed the robbery sentence) for re-sentencing according to law and consistent with the views set forth in the opinion.

For the reasons assigned the conviction and sentence are affirmed.