246 So.2d 12

**STATE of Louisiana**

**v.**

**Billy Raymond AUSTIN.**

**No. 50745.**

March 29, 1971.

Dozier & Thompson, James B. Thompson, III, Baton Rouge, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellee.

DIXON, Justice.

Billy Raymond Austin was charged with armed robbery. On October 16, 1967 James B. Thompson, III was appointed to represent the indigent defendant. Defendant pleaded not guilty, and on March 26, 1968 the case came on for trial in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.

On the morning of the first day of trial, the attorney for defendant moved to withdraw as counsel for the accused on the ground that the defendant had indicated dissatisfaction with his appointed attorney. The motion was denied. The accused, through counsel, then moved for a continuance on the same ground, which likewise was denied. Defendant, through counsel, then filed a written motion to recuse the judge on the ground that he had taken part in a plea bargain discussion and knew that, under certain circumstances, defendant was willing to plead guilty. The motion was denied, and the trial began.

The jurors were not sequestered for the night. On the morning of the second day of trial, a two-column newspaper article appeared in the Baton Rouge Morning Advocate, reading in part as follows:

"James B. Thompson, III, court-appointed counsel for Austin, also sought before the trial began to have Dist. Judge Donovan W. Parker recuse himself as presiding judge at the trial, alleging that the judge took part in a discussion of 'a plea bargain, and knows that the defendant was willing under certain conditions to plead guilty.'" Baton Rouge Morning Advocate, March 27, 1968, p. 12–A.

Upon learning of this article, prior to the start of the second day of trial, defense counsel requested permission to poll the jury to determine if any of the jurors had seen the article. The request was denied.

Defendant was convicted. On May 7, 1968, defendant was sentenced to twenty-five years in the penitentiary. Because of the circumstances surrounding the imposition of sentence, the capable court-appointed counsel successfully prosecuted an appeal to this court, with the result that the invalidly imposed sentence was reversed. State v. Austin, 255 La. 108, 229 So.2d 717 (1969). Upon remand, defendant was sentenced to twenty-four years in the penitentiary. Defendant now appeals from the conviction.

█ Six Bills of Exception were reserved, which shall be treated in order. Bill of Exception No. 1 was reserved when the trial court denied counsel's motion to withdraw. We find no error in the trial court's ruling. Defendant is entitled to counsel. He may hire whom he chooses. Because he is indigent, he is privileged to have the State appoint an attorney without any cost to him. To permit the accused to discharge his court-appointed counsel on the day of trial, without any showing of incompetence and without having a privately retained attorney present to take his place, would be to permit defendant to choose which lawyer the court must appoint to defend him. We are not aware of any basis in law for such a claim upon the State or upon the members of the bar.

In the instant case, the defendant stated: "Your Honor, I feel that my attorney is going into the case with a defeatist attitude, he feels that he can't win the case * * *." From the successful appeal already taken in this case, reported at 255 La. 108, 229 So.2d 717 (1969), and from the excellent brief and eloquent oral argument of counsel in this appeal, we are inclined to agree with the trial judge, who stated in his per curiam:

"The Court would like to point out that the attorney for the accused, James B. Thompson, III, is a young, intelligent, energetic and capable lawyer who always does a good job of representing his

clients, and the Court also knows he has had considerable trial experience while serving in the Judge Advocate Corps in the military service, in addition to his civilian experience.

"The Court also feels that the accused himself was merely attempting to delay his trial. The Court does not feel that an accused, whether indigent or not, should be permitted to take undue advantage of orderly court procedure."

The United States Court of Appeals for the Eighth Circuit has said, under facts strikingly similar to those in the instant case:

"Defendant makes a vague allegation that although his appointed trial counsel was competent and skilled in the law, there existed a lack of 'rapport' or 'communication' between them which precluded effective representation. Counsel upon appeal urges that defendant would not cooperate with his trial counsel, e. g., taking the stand against counsel's advice, failing to understand the selection of the jury, etc. We have reviewed the complete record and find that trial counsel ably represented the defendant. A defendant cannot base a claim of inadequate representation upon his refusal to cooperate with appointed counsel. Such a doctrine would lead to absurd results." Shaw v. United States, 403 F.2d 528, 529 (8th Cir. 1968); accord Lamoureux v.

Commonwealth, 353 Mass. 556, 233 N.E. 2d 741 (1968); People v. Norman, 60 Cal.Rptr. 609 (Cal.App.1967).

■ Bill of Exception No. 2 was reserved when the trial court denied the motion for a continuance that counsel had urged on the same ground as the motion to withdraw. We find no error in the trial court's ruling. The defendant and his attorney both were present in court. The trial judge in his per curiam noted that "Mr. Thompson came to court prepared to try the case." Here, the denial of a continuance certainly did not work a hardship. Under the facts instant, an eleventh hour motion for a continuance simply will not lie. United States v. Follette, 425 F.2d 257 (2d Cir. 1970).

■ Bill of Exception No. 3 was reserved when the trial court denied counsel's written motion to recuse the judge on the ground that he had taken part in a plea bargain and knew that, under certain circumstances, defendant was willing to plead guilty. We find no error in the trial court's ruling. In this case, all issues of fact pertaining to guilt or innocence were tried by a jury, not by the judge.

■ Bill of Exception No. 4 was reserved when the trial court overruled defense counsel's objection to the testimony of a State witness that defendant had robbed three men at the same time that he had robbed the witness. The as-

serted basis of the objection was that defendant was not accused of having robbed those three men. The trial judge in his per curiam noted that the evidence was part of the res gestae, and further that it would show system, motive, design and intent. We find no error in the trial court's ruling. This exception was neither briefed nor argued orally before this court.

■ Bill of Exception No. 5 reads as follows:

"Be it remembered that Billy Raymond Austin, the accused, in the above entitled and numbered prosecution was charged with the crime of armed robbery of Doris Mae Boles. The trial began Tuesday, March 26, 1968 and continued on Wednesday, March 27, 1968. The jury went home the night of the 26th and were not locked up. A two column article concerning the trial was published in the Baton Rouge Morning Advocate Wednesday morning, March 27, 1968, containing among other things a paragraph which read as follows:

"James B. Thompson, III, court appointed counsel for Austin, also sought before the trial began, to have District Judge Donovan W. Parker recuse himself as presiding judge at the trial, alleging that the Judge took part in a discussion of 'a plea bargain, and knows that the defendant was willing under certain conditions to plead guilty.'

"When the trial resumed, counsel for the defendant called the article to the attention of the Court, pointing out how prejudicial some of the language in the article would be to the defendant and asked that the jury be polled when they come back into Court as to whether or not they read the article or heard anything about the article. Attorney for the State opposed the motion and after argument, the Court denied the motion to poll the jury to which ruling a bill of exception was reserved making part of that bill, the article of the paper, the motion, arguments of counsel and the ruling of the Court. Pages 249 thru 254 are attached hereto and made a part of this bill.

"Said bill of exception has been tendered to the District Attorney and now same is being tendered to the Court and prays that same be signed by the Judge of this Court according to law.

"Baton Rouge, Louisiana, this 7th day of May, 1970.

"s/ Donovan W. Parker
Judge – 19th Judicial
District Court

"s/ James B. Thompson III
James B. Thompson, III
Attorney for accused"

The trial judge's per curiam to Bill of Exception No. 5 reads as follows:

"The Court refused to poll the jury as to whether any of them had read the article

in the newspaper concerning the trial for the reason that they had been specifically instructed not to read anything in the paper concerning this trial, or to look at or listen to any newscast of this trial, and they were sworn to obey the Court's instructions and orders as jurors. This Court is not going to presume that any of them did wilfully deliberately violate the Court's orders without some evidence to that effect; and, of course, the motion to recuse the judge was initiated by the accused himself and not the accused's counsel. Additionally, the Court will point out that once a motion is made in the course of the trial the motion itself is ordinarily admissible as part of the record, although this Court would have prohibited the District Attorney from taking advantage of same if he had attempted to do so.

"In other words, the accused himself insisted upon making a motion to recuse the judge on the grounds of prejudice because of being aware of the plea bargain discussion. After this motion was denied then the accused apparently attempted to get a delay by a showing that the jury had become aware of the information contained in the motion by reading the newspaper. I feel sure the accused would have asked for a mistrial if any of the jurors had reported that they had read the story. However, if the jurors had been polled and they all answered in the negative, the bill would be without merit in any event. This Court is convinced that this was just another part of the accused's effort to delay his trial. It is also to be noted that in the Court's charge to the jury they were specifically instructed that they were to disregard anything they may have seen, heard or read about this case, other than the testimony heard in court, in their deliberation.

"The Court further notes that there were several eye witness victims who clearly, positively and emphatically identified the accused as the man who committed the armed robbery upon them with a gun.

"Baton Rouge, Louisiana, this 24th day of February, 1969.

"(Signed)   Donovan W. Parker
Judge, 19th Judicial District Court"

Under the circumstances of this case and the manner in which the question arose in the trial court, we cannot hold that it was reversible error for the trial judge to refuse to poll the jury to see if any jurors had read the newspaper article in violation of the instructions of the court. The court did admonish the jurors to disregard anything they might have read that was not in evidence in the case. The trial judge evidently was satisfied that such an admonition was sufficient to assure a fair trial. Louisiana Code of Criminal Procedure article 771.

In view of the evidence referred to in the per curiam, there is no probability that a miscarriage of justice has resulted from the failure of the trial judge to poll the jury. We do not hold, however, that such an occurrence would not be reversible error in another case.

Bill of Exception No. 6 was reserved when the trial court denied defendant's motion for a new trial. The record shows that there was no abuse of discretion in the trial court's ruling. This exception was neither briefed nor argued orally before this court.

The conviction and sentence are affirmed.