281 So.2d 702 (1973)
STATE of Louisiana
v.
Paul E. CHIGHIZOLA.
No. 53341.
Supreme Court of Louisiana.
August 20, 1973.
*703 Nelson, Nelson, Garretson, Lombard & Rothschild, Lynne C. Rothschild, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Sp. Asst. Atty. Gen., Woodrow W. Erwin, Dist. Atty., Max Mercer, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Defendant was charged by bill of information with disturbing the peace (R.S. 14:103), simple assault (R.S. 14:38), simple battery (R.S. 14:35) and resisting an officer (R.S. 14:108).[1] While represented by retained counsel, defendant entered pleas of guilty to the charges of simple battery and resisting an officer, both of which are misdemeanors. Sentencing was deferred pending the receipt of a pre-sentence investigation.
On February 12, 1973 defendant was sentenced to serve thirty days imprisonment on both convictions, the sentences to be served concurrently. He was also fined $300 on the simple battery conviction and $500 on the resisting an officer conviction. In lieu of payment of each fine, defendant was sentenced to serve an additional thirty days imprisonment on each conviction, the additional jail sentences to be served concurrently. Defendant appeals his convictions and sentences.
No bills of exceptions were presented by defendant. Therefore, we are limited in our review to errors that are discoverable "by a mere inspection of the pleadings and proceedings and without inspection of the evidence." C.Cr.P. 920(2).
We notice that there is no affirmative showing in the minutes that defendant's counsel was present when he was sentenced.
Persons charged with misdemeanors the conviction of which could result in their imprisonment have the right to be assisted by counsel during every critical stage of their prosecution. Sixth and Fourteenth Amendments to the United States *704 Constitution, Louisiana Constitution of 1921, Art. I, § 9, C.Cr.P. 511, Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), State v. Austin, 255 La. 108, 229 So.2d 717 (1969), State v. Coody, La., 275 So.2d 773 (1973). Both the United States Supreme Court and this court have held that a defendant has the constitutional right to have counsel present during his sentencing, which is a critical stage of his prosecution. McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 3 (1968), Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), State v. Coody, supra, State v. Austin, supra. These settled principles of constitutional law make no distinction between defendants represented by retained counsel and defendants represented by appointed counsel.
Defendant Chighizola had retained counsel at the time he was sentenced. However, the minutes of February 12, 1973 indicate neither that retained counsel was present when the defendant was sentenced nor that Chighizola waived his right to have his counsel present. The importance of counsel at sentencing is demonstrated here. Defendant was sentenced to pay fines of $300 and $500, or serve an additional thirty days on each charge. He contends his poverty and inability to pay the fines affect the validity of the sentence under Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130.
Therefore, defendant's sentences must be annulled. State v. Coody, supra, State v. Austin, supra.
Defendant complains of other errors. However, the other errors of which he complains are not noticeable "by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
Defendant's sentences are annulled and set aside and this case is remanded to the trial court for further proceedings consistent with this opinion.
SANDERS, C. J., and SUMMERS and MARCUS, JJ., dissent.
NOTES
[1] We assume defendant waived any objection to the misjoinder of offenses in the bill of information.