349 So.2d 1256 (1977)
STATE of Louisiana
v.
Terrance L. BOYD.
No. 59390.
Supreme Court of Louisiana.
September 19, 1977.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Ronald R. Inderbitzin, Asst. Dist. Atty., for plaintiff-relator.
Robert Earl Piper, Jr., Shreveport, for defendant-appellee.
SUMMERS, Justice.
A bill of information dated November 12, 1976 charged Terrance L. Boyd with possession of marijuana. La.Rev.Stat. 40:966. Prior to trial Boyd filed a motion "to suppress any marijuana paraphernalia or marijuana seized." The motion is based upon the allegation that the marijuana was seized incident to an unlawful arrest because the arresting officer lacked probable cause. As a result it is contended that there was a violation of Article I, Section V, of the Louisiana Constitution and the Fourth Amendment to the United States Constitution.
At the hearing on the motion to suppress Officers Wallace and Lewis testified on behalf of the State. During the early morning hours of November 4, 1976 they were *1257 assigned by tactical enforcement to "sight felony" arrests in the vicinity of Catherine and Missouri Streets in the city of Shreveport. During that evening a church, a doctor's office and another location in this neighborhood had been burglarized within one hour. Eight to ten police vehicles were patroling the area.
About one-thirty that morning, while cruising on Catherine Street about a block from the Queensborough Elementary School in an unmarked vehicle, Officers Wallace and Lewis noticed Boyd walking across Catherine Street into the school yard toward the school building. Wallace left the vehicle and walked into the school yard in search of Boyd, suspecting that he had no business there at that time of the night. Lewis later followed walking in another direction to head Boyd off. As Wallace reached the rear of the school building he encountered Boyd coming around the building toward him. Wallace identified himself as a police officer and told Boyd to put his hands on the building so that he could check him for weapons, obtain his identification and find out what Boyd was doing near the school at that hour. La.Code Crim.Pro. art. 215.1.
When Boyd placed his hands on the wall Wallace began patting him down. At this point Boyd took his left hand off the wall, put it under his jacket and reached forward toward an indentation in the brick building covered by grillwork. When Wallace told him to put his hand back on the wall he did so. Wallace testified he did not then know what Boyd had put in the grillwork-covered indentation of the wall.
At this time Officer Lewis arrived and saw a plastic baggie hanging out of the grillwork. He pulled it out and saw that it contained green vegetable material; whereupon, he testified, he "placed [Boyd] under arrest for possession of marijuana."
Boyd testified at the hearing, saying that he was taking a short-cut home and stopped at the school to use the rest room. He acknowledged the stop and the presence of the grill but denied that he had any marijuana.
When the parties rested, defense counsel argued that there was no evidence that the green vegetable matter in the plastic bag was marijuana. He contended the State "could have gotten in touch with the Crime Lab and brought forth some document which would say, and I don't know whether it would say it or not, that it was marijuana. . .." The trial judge agreed, saying the State had failed to establish that marijuana was seized. Accordingly, he granted the motion to suppress.
The ruling was erroneous. The State has no affirmative burden of proof on a motion to suppress tangible evidence. The accused bears the burden of establishing the unconstitutionality of the search and seizure. La.Code Crim.Pro. art. 703A, C; State v. O'Conner, 320 So.2d 188 (La. 1975); State v. Wood, 262 La. 259,263 So.2d 28 (1972). As already pointed out, Officer Lewis testified that when he pulled the plastic bag containing green vegetable matter from the grillwork he immediately "placed Boyd under arrest for possession of marijuana." It is implicit in this testimony that Officer Lewis believed that the green vegetable matter was marijuana, and the entire record supports a finding that he had reasonable cause to believe that it was marijuana.
Boyd was at large at 1:30 in the morning in an area where three burglaries had occurred within an hour prior to his appearance at the school ground. Marijuana is commonly known to be green vegetable matter, and the plastic baggie containing green vegetable matter had just been surreptitiously secreted by Boyd in the grillwork while Officer Wallace was searching him for weapons. Officer Lewis identified the green vegetable matter as marijuana as his testimony indicates.
A peace officer may arrest without a warrant when he has "reasonable cause to believe that the person to be arrested has *1258 committed an offense." La.Code Crim.Pro. art. 213(3). The law does not require that "reasonable cause to believe" be established by evidence sufficient to convict, that is, the arresting officer need not be convinced beyond a reasonable doubt of the arrestee's guilt. The standard of reasonable cause to believe is a lesser degree of proof determined by the setting in which the arrest took place, together with the facts and circumstances known to the arresting officer from which he might draw conclusions warranted by his training and experience. State v. Millsap, 258 La. 283, 248 So.2d 324 (1971). This standard has been satisfied in the instant case. It is the standard contemplated by Article I, Section V, of the Louisiana Constitution and the Fourth Amendment to the United States Constitution.
For the reasons assigned the ruling of the trial judge granting the motion to suppress is reversed and set aside, and the motion to suppress is denied. The case is remanded to the trial court to be proceeded with in a manner not inconsistent with the view expressed herein.
TATE, J., concurs for reasons assigned by CALOGERO, J.
DIXON, J., dissents.
CALOGERO, J., concurs with reasons.
CALOGERO, Justice (concurring).
In my view, seizure of the plastic baggies was not shown to have been illegal or unconstitutional in any respect. Thus the trial court should have overruled the motion to suppress. The state need not prove the contents of the plastic baggies. For the purpose of the motion to suppress, except in rare circumstances not here present, the nature of the matter seized is irrelevant.