CARAWAY, J.
1, After a 12-person jury trial, defendant was convicted of possession with intent to distribute marijuana in violation of La. R.S. 40:966(A)(1). Because the defendant was adjudicated a fourth felony offender, the court sentenced him to a term of 40 years’ imprisonment. Defendant now appeals, urging 8 assignments of error. Because we find that defendant’s assignments of error are without merit, we affirm defendant’s conviction and sentence.

Facts

On June 24, 2014, Shreveport Police Department (“SPD”) Corporal Javon Tyler was working security in the parking lot at Stoner Vista Apartments in Shreveport when he observed two men inside a parked Ford Expedition. With the windows down, Cpl. Tyler saw the driver of the vehicle, whom he later identified as defendant Andre Lee, make a “sudden move” which caught Cpl. Tyler’s attention. As Cpl. Tyler approached the vehicle to speak to the men, he observed a set of digital scales resting on the vehicle’s center console. He then saw what he believed to be marijuana on the scale and some baggies next to it. Cpl. Tyler then ordered Lee out of the vehicle and instructed him to keep his hands where Cpl. Tyler could see them.
During this interaction, the passenger of the vehicle quickly exited and fled the scene. As Cpl. Tyler placed Lee into custody, he flagged down a passing SPD narcotics unit for assistance. When the extra officers had arrived, Cpl. Tyler retrieved his patrol car, positioned it toward the scene, and turned on the video camera to record the remainder of the encounter.
|2The video footage, which was subsequently played during trial, shows Cpl. Tyler removing clear bags of green, leafy material and placing them on the hood of the patrol car. One of the large bags contained three smaller bags, each of which contained the same green, leafy material. Cpl. Tyler testified that the bags were on the driver side of the scale and that the scale’s digital display screen was also facing the driver side of the vehicle. Randall Robillard of the North Louisiana Crime Lab testified that the bagged material, weighing over 300 grams in the aggregate, tested positive for marijuana. Additionally, Cpl. Tyler recovered approximately $237 from the scene.
Caddo Parish Sheriff’s Office Lieutenant Carl Towney testified as an expert in the field of possession with intent to distribute. He examined the entirety of the evidence obtained, including the scales and the bags and concluded that the substantial quantity of marijuana, coupled with the scales and cash present at the scene, indicated that the material was intended for sale (possession with intent) rather than for personal use.
The case was tried before a jury on July 7, 2015. Despite repeated warnings and counseling to the contrary, Lee chose to represent himself as a pro se defendant. Ultimately, the jury convicted Lee as charged. The State then filed a habitual offender bill of information charging Lee as a fourth felony offender on July 16, *496 2015, with a hearing set for August 26 on the matter. On August 26, Lee was adjudicated a fourth felony offender and sentenced to serve 40 years’ imprisonment. On the same day, the court denied each of Lee’s three post-verdict motions: a “motion for relief from judgment,” a “motion in arrest of judgment,” and “a motion to dismiss.” IsThe following day, Lee filed a motion for a new trial and a “demand for dismissal,” both of which the court denied. Lee, continuing to represent himself, now appeals.

Discussion

The defendant has raised 8 assignment of errors including an allegation that his arrest was not supported by probable cause. Accordingly, we address each assignment in turn.
Assignment of Error No. 1. Arresting officer lacked probable cause to arrest appellant because he failed to perform a field test on the evidence. Therefore he arrested appellant on mere suspicion in violation of the IV Amendment.
In his first assignment of error, appellant contends that he was arrested without probable cause.[1] Specifically, he argues that the arresting officer lacked probable cause to arrest him because the officer did not to perform a routine field test to establish that the evidence seized was in fact marijuana, the failure of which created only a mere suspicion and not probable cause.
The right of every person to be secure in his person, house, papers, and effects against unreasonable searches and seizures is guaranteed by the Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana Constitution. A search and seizure conducted without a warrant based on probable cause is unreasonable unless the war-rantless search can be justified by one of the narrowly drawn exceptions to the warrant requirement. State v. Thompson, 02-0333 (La. 4/9/03), 842 So.2d 330; State v. Ledford, 40,318 (La.App. 2 Cir. 10/28/05), 914 So.2d 1168.
The plain view doctrine is an exception to the warrant requirement. The plain view exception renders a warrantless search reasonable: (1) if the police officer is lawfully in the place from which he views the object; (2) where the object’s incriminating character is immediately apparent; and (3) the officer has a lawful right of access to the object. State v. Gipson, 45,121 (La.App. 2 Cir. 4/14/10), 34 So.3d 1090, writ denied, 10-1019 (La. 11/24/10), 50 So.3d 827. The “plain view” exception does not require a police officer to be certain that the object in plain view is contraband; it simply requires that the officer have probable cause to believe the item in question is either evidence and/or contraband. Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983). One common category of contraband, marijua *497 na, is commonly known to be a green vegetable matter and an officer can identify it as an illegal substance from his experience. State v. Boyd, 349 So.2d 1256 (La. 1977).
Probable cause to arrest exists when the facts and circumstances known to the arresting officer,- and of which he has reasonable and trustworthy information, are sufficient to justify a man of ordinary causation in the belief that the accused has committed an offense. State v. Surtain, 09-1835 (La. 3/16/10), 31 So.3d 1037; State v. Parker, 06-0053 (La. 6/16/06), 931 So.2d 353. Probable cause is determined by the setting in which the arrest took place, together with the facts and circumstances known to the arresting officer from which he might draw conclusions warranted by his training and experience. State v. Johnson, 422 So.2d 1125 (La. 1982); State v. Boyd, 349 So.2d 1256 (La. 1977). While mere suspicion is insufficient to justify an arrest, a police officer need not have sufficient proof to convict in order to arrest. State v. Wells, 08-2262 (La. 7/6/10), 45 So.3d 577 (citing State v. Randolph, 337 So.2d 498, 499 (La. 1976)).
Additionally, mere communications between officers and citizens implicate no Fourth Amendment concerns where there is no coercion or detention. State v. Martin, 11-0082 (La. 10/25/11), 79 So.3d 951; State v. Britton, 93-1990 (La. 1/27/94), 633 So.2d 1208 (noting that police have the same right as any citizen to approach an individual in public and to engage in conversation under circumstances that do not signal official detention).
In this case, Cpl. Tyler was working his extra duty job as security for a private apartment complex when he walked past the Ford Expedition where Lee was seated. As a part of his duties as a security officer, he was required to make the rounds of the complex, including the parking lot in which Lee’s vehicle was parked. As such, Cpl. Tyler was lawfully fulfilling his duties as security officer when he noticed Lee make a “sudden movement,” arousing the suspicion of Cpl. Tyler. By approaching the vehicle and by asking what the occupants were doing, Cpl. Tyler was not implicating the Fourth Amendment. See Martin, supra.
Cpl. Tyler lawfully confiscated the contraband for which Lee was ultimately arrested, charged, convicted, and sentenced. The vehicle’s windows were down and the digital scales, marijuana, and marijuana baggies were on the vehicle’s center console when Cpl. Tyler approached the vehicle, clearly in plain view of the arresting officer. From his training and experience, Tyler was able to identify the marijuana as an illegal | r,substance, creating probable cause sufficient to seize the evidence and arrest Lee. Accordingly, Lee’s assignment of error relating to any lack of probable cause for any search or seizure is without merit.
Assignment of Error No. 2. The court lacks subject matter jurisdiction. The record fails to show proof of jurisdiction which is required by law to appear on the record. The appellant challenged the court’s jurisdiction which the State failed to prove.
In his second assignment of error, Lee argues that the district court lacked subject matter. This assignment, too, is merit-less for the following reasons.
La. G.C.P. art. 2 provides that jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. A court has jurisdiction over the subject mat *498 ter only when the particular action falls within the class of proceedings that the court has been given authority to hear and decide. McCann v. McCann, 11-2434 (La. 5/8/12), 93 So.3d 544. Courts are classified as courts of general jurisdiction or limited jurisdiction. Courts of general jurisdiction have the authority generally to adjudicate most kinds of actions. Id.
Louisiana district courts have the authority to adjudicate criminal matters pursuant to La. Const. Art. 5, § 16, which provides as follows:
Section 16. (A) Original Jurisdiction. (1) Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker’s compensation matters, a district court shall have original jurisdiction of all civil and criminal matters (emphasis added).
Furthermore, La. R.S. 13:477 provides, in relevant part:
17There shall be 41 judicial districts in the state and each district shall be composed as follows:
(1) The parish of Caddo shall compose the First District.
Notably absent from any of the relevant provisions is a requirement that a statement of jurisdiction accompany any part of the official record.
In this case, Lee was arrested and charged in Caddo Parish, Louisiana, for violation of La. R.S. 40:966(A)(1), possession of a schedule I narcotic with intent to distribute. Further, Cpl. Tyler testified that the crime took place in Caddo Parish, Louisiana. Accordingly, the First Judicial District Court in and for the Parish of Caddo has subject matter jurisdiction over this criminal matter. Lee’s argument is therefore without merit.
Assignment of Error. No. 3. The prosecution failed to prove beyond a reasonable doubt the corpus delicti, which is required to secure a conviction under the corpus delicti doctrine.
In his third assignment of error, Lee argues that the State failed to prove the corpus delicti beyond a reasonable doubt, in that the State failed to prove there was an injured party. Although it is not entirely clear which elements of the crime are in dispute, Lee maintains that no injury occurred and therefore no corpus delicti was established.
The corpus delicti, the body or substance of a crime, is composed of two elements: (1) an unlawful injury has occurred; and (2) some person’s illegal conduct caused that injury. State v. Outlaw, 17,702 (La. App. 2d Cir. 2/26/1986), 485 So.2d 217; State v. Reed, 420 So.2d 950 (La. 1982). The law of corpus delicti was discussed by the Louisiana Supreme Court in State v. Brown, 236 La. 562, 108 So.2d 233, 236 (1959) as follows:
In the trial of every criminal case the State, to warrant a legal conviction of an accused, must prove the corpus delicti, or the fact that a crime has been committed. Without such proof no conviction will be permitted to stand.
|sIn other words, to justify a conviction, the State must prove, beyond a reasonable doubt, that a crime has in fact occurred. Id. The corpus delicti must be proven by evidence which the jury may reasonably accept as establishing that fact beyond a reasonable doubt and may be proven by circumstantial evidence. Id.) Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
In order to prove the corpus de-licti of Lee’s offense, the State was required to prove the elements of the crime. The Louisiana Supreme Court long ago *499 stated what the two elements of possession with intent to distribute are possession and intent to distribute. State v. House, 325 So.2d 222 (La. 1975). Here, through eyewitness testimony of Cpl. Tyler, the State presented evidence that Lee possessed the marijuana in Caddo Parish. Through the expert testimony of Lt. Townly, the State established that the large volume of marijuana recovered from the scene was intended for distribution. The jury subsequently accepted this testimony as credible and found that Lee had possessed the marijuana with intent to distribute beyond a reasonable doubt, proving the corpus delicti of the offense.
Alternatively, Lee argues, somewhat abstractly, that no “injury” occurred at all. However, the Louisiana Legislature has declared the act of possessing marijuana with the intent to distribute to be a crime under La. R.S. 40:966(A)(1). Importantly, this criminal act falls under the Public Health and Safety category of the revised statutes, which designates the public generally as a victim of Lee’s criminal behavior, i.e. the injury. Accordingly, this assignment of error is without merit.
| ¡Assignment of Error No. 4. The plaintiff lacks standing, because the plaintiff has not suffered injury, loss, harm, or violation of legal right.
In essence, Lee argues that the Caddo Parish District Attorney’s office, as an arm of the State of Louisiana, lacked standing to bring his case to trial. Specifically, he argues that, in order to bring a claim, a “person” (the State of Louisiana) must have suffered some injury as a result of the alleged actions. Because the State of Louisiana (through the Caddo Parish District Attorney) has the exclusive authority to prosecute any criminals who commit offenses within its own jurisdiction, an authority delegated to it under the Constitution and laws of Louisiana, Lee’s assignment of error is without merit.
The Louisiana Constitution, along with similar provisions in the Revised Statutes and the Code of Criminal Procedure, vests the district attorney with plenary power as part of his role as the State’s prosecuting attorney. La. Const. Art. V, § 26 provides in relevant part that:
(B) Powers. Except as otherwise provided by this constitution, a district attorney, or his designated assistant, shall have charge of every criminal prosecution by the state in his district, be the representative of the state before the grand jury in his district, and be the legal advisor to the grand jury. He shall perform other duties provided by law.
La. R.S. 16:l(B)provides further support for this authority:
The district attorneys throughout the state of their designated assistants, the parish of Orleans excepted, shall represent the state in all civil actions, and shall have charge of every criminal prosecution by the state in his district, be the representative of the state before the grand juries in his district, and be the legal advisor to the grand juries. He shall perform other duties provided by law.
Lastly, La. C.Cr.P. art. 61 provides:
Subject to the supervision of the attorney general, as provided in Article 62, the district attorney has entire charge and control | inof every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute.
Accordingly, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district and determines whom, when, and how he shall prosecute. State v. Perez, 464 So.2d 737 (La. 1985).
*500 In this case, the Caddo Parish District Attorney’s office, through the exercise of that portion of the sovereign power of the State given to it, chose to prosecute Lee under criminal statute La. R.S. 40:966(A)(1). The district attorney, by constitutional and statutory mandate, has full charge of every state prosecution in his district thereby having standing to institute the criminal proceedings. As such, Lee’s assignment is without merit.
Assignment of Error No. 5. Appellant is not a person as defined under R.S. 40:961(29) which definition only includes corporate and artificial persons. Appellant is a natural person or human being which is excluded from this definition.
Lee contends that he is not a “person” as defined by the Uniform Controlled Dangerous Substance Law. Lee argues that the definition of “person” provided includes only juridical persons rather than natural persons. Because (1) the cited provision contains a reference to “one or more individuals” and because (2) a provision in the criminal code defines a person as a human being, Lee’s assignment is without merit.
La. R.S. 40:961(29) provides the definition of persons as follows:
“Person” includes any institution whether public or private, hospitals or clinics operated by the state or any of its political subdivisions, and any corporation, association, partnership, or one or more individuals. (Emphasis added).
InThis court finds that the reference to “one or more individuals” can refer only to natural persons, as contrasted to a corporation, association, or partnership, which are also considered persons for purpose of the uniform controlled dangerous substances law. Additionally, La. R.S. 14:2, the general definitions provision for the criminal code, provides the definition of a person as follows:
(7) “Person” includes a human being from the moment of fertilization and implantation and also includes a body of persons, whether incorporated or not.
It is clear that the legislature’s use of the word “individual” in La. R.S. 40:961(29) refers to a single person or human being (natural person). It is also clear that the language found in La. R.S. 14:2 defines “person” as human being (natural person), dispelling any further risk of misinterpretation. Accordingly, Lee, a human being, falls under the category of “person” for the charged offense, La. R.S. 40:966, and was properly prosecuted as such. The assignment of error is without merit.
Assignment of Error No. 6. The State failed to prove corporate existence after appellant filed affidavit of denial of corporate existence before trial.
Because it has already been established that Lee is in fact a natural person pursuant to the Uniform Controlled Dangerous Substance Act, it logically follows that the State need not prove Lee’s corporate (juridical) existence. As such, Lee’s assignment of error lacks merit.
Assignment of Error No. 7. The judge mischarged the jury and prejudiced the appellant when he omitted half of the definition of “distribute” under R.S. 40:961(14). He also omitted the modifying clause and the last antecedent with intention to coerce the jury to reach a verdict that it would not reach had he not omitted major portions of the definition.
Lee argues that the judge mis-charged the jury by “omitting major portions of the definition of distribute” under La. R.S. 40:961(14), 112Specifícally, he argues that the phrase “lawful order of a practitioner” is the modifying clause in the definition of “distribute” and was errone *501 ously and prejudicially omitted by the trial judge. The State, on the other hand, argues that the omitted phrase applies only to the terms “labeling or compounding”, which is not applicable to the crime for which Lee was charged. Additionally, the State argues that Lee waived review of the jury instructions on appeal because he failed to make a contemporaneous objection to them at trial.
The issue relating to jury charges is governed by La. C.Cr.P. art. 802, which provides, in pertinent part:
The court shall charge the jury:
(1) As to the law applicable to the case.
As a general matter, a trial judge has the duty to instruct jurors as to “every phase of the case supported by the evidence whether or not accepted by him as true” and that duty extends to “any theory... which a jury could reasonably infer from the evidence.” La. C.Cr.P. art. 802; State v. Goodley, 01-0077 (La. 6/21/02), 820 So.2d 478; State v. Tucker, 49,950 (La.App. 2 Cir. 7/8/15), 170 So.3d 394, writ denied, 13-0814 (La. 5/24/13), 117 So.3d 104. However, even if a proposed jury instruction is correct as to law, but irrelevant to the jury’s function, it need not be given. State v. Kidd, 21,811 (La. App. 2d Cir. 9/26/90), 568 So.2d 175.
In his charge to the jury, the trial judge stated, “[distribute means to deliver a controlled dangerous substance whether by physical delivery, administering, subterfuge.” Under La. R.S. 40:961(14) “distribute” is defined as:
|1S(14) “Distribute” means to deliver a controlled dangerous substance whether by physical delivery, administering, subterfuge, furnishing a prescription, or by filling, packaging, labeling or compounding the substance pursuant to the lawful order of a practitioner.
The particular dispute under this assignment of error revolves around the proper definition of “distribute” found in the Uniform Dangerous Controlled Substances Law. Lee contends that the phrase “pursuant to the lawful order of a practitioner” is the modifying clause in the statute, and ostensibly that proof that a defendant acted pursuant to such an order is an element of the crime of distribution. Thus, we infer from Lee’s argument that, because there has been no proof in this case that any of Lee’s actions were conducted pursuant to a lawful order of a practitioner, Lee asserts that the trial judged mischarged the jury. Based on a clear reading of the statute and a review of the jurisprudence, we find that the phrase “pursuant to a lawful order of a practitioner” modifies only those acts following the first use of the word “or” in the definition of distribute. State v. Fairley, 25,951 (La. App. 2d Cir. 10/28/94), 645 So.2d 213, writ denied, 94-1940, 94-2909 (La. 3/24/94), 645 So.2d 1152, 651 So.2d 287; State v. Thomas, 26,116 (La. App. 2d Cir. 6/22/94), 639 So.2d 408, writ denied, 94-2332 (La. 1/13/95), 648 So.2d 1337.
In reviewing the pertinent phrase in the statute, this court determined that the phrase “modifies only the types of distribution which are listed after the disjunctive ‘or’ in the sentence, to wit: filling, packaging, labeling, or compounding.” Id. at 411. The use of the word “or” demonstrates an intent on the part of the legislature to separate the types of activity. Fair-ley, supra. Accordingly, we find that the omitted portions of the definition of distribution were inapplicable to the facts of this case and formed no part of | uLee’s distribution. Thus, the trial court was well within its discretion to limit the instruction to the applicable provisions.
In addition, the State argues that Lee waived this argument when he failed to object to the instructions at trial. La. *502 C.Cr.P. art. 841 provides that an irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. Therefore, the failure to make a contemporaneous objection to jury instructions waives review of those jury instructions on appeal. State v. Draughn, 05-1825 (La. 1/17/07), 950 So.2d 583; cert. denied, 552 U.S. 1012, 128 S.Ct. 537, 169 L.Ed.2d 377 (2007); State v. Gage, 42,279 (La.App. 2 Cir. 8/29/07), 965 So.2d 592, writ denied, 07-1910 (La. 2/22/08), 976 So.2d 1283.
Even so, jury instructions may be reviewed on appeal despite a failure to make a contemporaneous objection when the alleged error violates a fundamental due process right. Gage, supra; State v. Lowery, 33,905 (La.App. 2 Cir. 2/28/01), 781 So.2d 713, writ denied, 01-1041 (La. 2/22/02), 809 So.2d 978; State v. Williamson, 389 So.2d 1328 (La. 1980).
In this case, however, the omission by the trial judge did not have such a fundamentally unfair impact so as to implicate the due process clause. The jury could not have been misled by the omission in the instruction regarding the definition of distribution because the omitted portion was inapplicable to the facts of the case, and thus an objection was required. Lee waived review of the jury instructions on appeal. This assignment of error therefore has no merit.
Assignment of Error No. 8. The trial judge is unqualified because he has not given bond as required by R.S. 42:141 which creates a vacancy in that seat. The judge is therefore impersonating a public official.
11fiLee argues in his final assignment of error that the trial judge was disqualified from hearing any case, including Lee’s, because he failed to give bond under La. R.S. 42:141. For the following reasons, Lee’s final assignment is without merit.
Pursuant to the Louisiana Constitution, all judges shall be elected. La. Const. Art. V, § 22. Our jurisprudence is of long standing, and has consistently been followed, that a judge acting under color of right has the authority, capacity and right to perform his judicial duties. City of Baton Rouge v. Cooley, 418 So.2d 1321 (La. 1982). Trial judges swear, in their oath of office, to “support the constitution and laws of this state” and to “faithfully and impartially discharge and perform all the duties incumbent [upon them as public officials].” La. Const. Art. 10, § 30. This creates a mandatory duty to conform to the standard of conduct required by that oath. State v. Melerine, 236 La. 881, 109 So.2d 454 (1954). La. R.S. 42:141 states in pertinent part that:
Each public officer, within thirty days after receipt of his commission or within thirty days after receipt of his certification certificate, whichever is later, shall take the oath of office prescribed by law, and give bond, when required, and file the same in the proper office in the manner required by law.
In this case, while it is true that certain public officials are required to give bond as a condition of their taking the oath of office, the office of judge is a constitutionally created position consisting of its own unique requirements for qualification. Once elected, a judge acting under color of right has the authority, capacity, and the right to perform his judicial duties. The only constitutional requirements for qualifying for the office of district court judge are those set forth in the state constitution’s section governing 11fithe qualifications for judges. Cunningham v. Marullo, 14-0931 (La. App. 4th Cir. 9/13/14), 150 So.3d 21, writ denied, 14-1876 (La. 9/10/14), 148 *503 So.3d 570. Absent from this section is the requirement that judges give bond before undertaking their constitutional duties. Contrary to Lee’s argument, La. R.S. 42:141 does not require the giving of bond for every public officer. As such, Lee has failed to show that the trial judge was either required to post bond under La. R.S. 42:141 or disqualified for failure to post bond. Accordingly, Lee’s argument is without merit.

Decree

For the foregoing reasons, we affirm the defendant’s conviction and sentence.
AFFIRMED.

. Notwithstanding defendant's contention in his first assignment of error that the trial court erred in finding probable cause sufficient for his arrest, the defendant failed to file a motion to suppress the evidence. The failure to file a timely motion to suppress amounts to a waiver unless neither the defendant nor counsel was aware of the existence of the evidence or the grounds for the motion or had some other valid excuse for failing to file within that time. State v. Quimby, 419 So.2d 951 (La. 1982); State v. Taylor, 363 So.2d 699 (La. 1978); State v. Christian, 26,589 (La.App. 2 Cir. 2/23/95), 649 So.2d 806, writ denied, 95-0791 (La, 9/15/95), 660 So.2d 448. This court finds no valid excuse for defendant’s failure to file a timely motion and thus the defendant is prohibited from arguing this issue on appeal. Nevertheless, this court has elected to consider defendant’s arguments on the merits without such a motion or excuses in the absence thereof, State v. Green, 28,994 (La.App. 2 Cir. 2/26/97), 691 So.2d 1273.