241 So.2d 762

STATE of Louisiana ex rel. Lester
J. ROBINSON

v.

C. Murray HENDERSON, Warden, Louisiana State Penitentiary, et al.

No. 50748.

Nov. 9, 1970.

George M. Leppert, New Orleans, for plaintiff-appellant-relator.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., James L. Babin, Asst. Dist. Atty., for defendant-appellee-respondent.

SANDERS, Justice.

Lester J. Robinson, an inmate of the Louisiana State Penitentiary, brought a habeas corpus proceeding in the Fourteenth Judicial District Court for the Parish of Calcasieu, alleging that his sentence was invalid because it was imposed without providing him legal representation. The district court denied relief. Upon application of the prisoner, we granted writs under our supervisory jurisdiction. 256 La. 769, 239 So.2d 165.

On May 26, 1965, while represented by appointed counsel, Robinson pleaded guilty to simple burglary, a felony. The district judge then ordered a presentence investigation by a probation officer. On June 23, 1965, in the presence of defendant's appointed counsel, the district judge suspended the "imposition of sentence" and placed the defendant on probation for five years.

More than four years later, on March 25, 1970, the defendant was called before the court for an alleged violation of his probation. After hearing, the court revoked his probation and sentenced him to three years imprisonment in Louisiana State Penitentiary. The State concedes that defendant was without legal counsel at this hearing.

The question presented is whether the defendant had a right to legal counsel during the hearing at which his probation was revoked and the penitentiary sentence imposed. We conclude that he did.

█ The imposition of sentence in a felony case is a critical procedure, requiring legal representation for a defendant. LSA–C.Cr.P. Art. 835; State v. Austin, 255 La. 108, 229 So.2d 717 (1969).

█ In the present case, the *imposition* of the sentence was suspended at the time probation was granted. See LSA–C.Cr.P. Art. 893. The effect of this procedure was to defer sentence. Thus, the sentence was imposed at the probation revocation hearing, at which the defendant was without the assistance of counsel.

This case is controlled by the decision of the United States Supreme Court in Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed. 2d 336 (1967).[1] There, dealing with the deferred sentencing procedure of the State of Washington, the Court said:

"In sum, we do not question the authority of the State of Washington to provide for a deferred sentencing procedure coupled with its probation provisions. Indeed, it appears to be an enlightened step forward. All we decide here is that a lawyer must be afforded at this proceeding whether it be labeled a revocation of probation or a deferred sentencing. We assume that counsel appointed for the purpose of the trial or guilty plea would not be unduly burdened by being requested to follow through at the deferred sentencing stage of the proceeding."

For the reasons assigned, the sentence is annulled and set aside and the defendant, Lester J. Robinson, is remanded to the Fourteenth Judicial District Court for the Parish of Calcasieu for further proceedings consistent with the views herein expressed.

1. The decision was declared retroactive in McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968).