325 So.2d 584 (1976)
STATE of Louisiana, Plaintiff-Appellee,
v.
Muryl WHITE, Defendant-Appellant.
No. 56895.
Supreme Court of Louisiana.
January 19, 1976.
C. R. Whitehead, Jr., Whitehead & McCoy, Natchitoches, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ronald C. Martin, Dist. Atty., John S. Stephens, Asst. Dist. Atty., for plaintiff-appellee.
*585 TATE, Justice.
The sole issue of this appeal concerns the legality of the amendment, in the absence of his counsel, of the original sentence imposed upon the defendant.
The defendant was charged with perjury, La.R.S. 14:123, arising out of his testimony at his trial for another offense. On February 10, 1975, with the assistance of his counsel, he pleaded guilty to the perjury charge and was sentenced to three years, with one year to be served concurrently in the parish jail with the sentence imposed for the other offense. (The remaining two years were to be under supervised probation.)
On April 11, 1975, the defendant was brought back into court. His counsel was not present. At that time, the trial court corrected (or amended) the sentence so as to provide that the one year sentence in parish jail was a condition of his probation.
His counsel contends, with apparent force, that the effect of the amendment was to increase the period of mandatory confinement in the parish jail. (For one reason, due to hospitalization for surgery and post-surgery treatment, some of the concurrent sentence on the earlier charge was served in a hospital in another parish.)
The defendant contends that the amended sentence is invalid, since imposed upon him in the absence of and without the assistance of his counsel.
Our state constitution recognizes the right to the assistance of counsel at every stage of the proceedings against a person accused of a crime, La.Const. Art. 1, Section 13 (1974), unless this right is intelligently waived. Likewise, the constitutional right to the assistance of counsel provided by the Sixth Amendment to the federal constitution mandates the right (unless waived) to the assistance of counsel at every critical stage of the proceedings, including an initial or deferred sentencing. McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968); Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); cf. also Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948).
A defendant is entitled to the assistance of his counsel at his sentencing; a sentence imposed in the absence of counsel is invalid and must be set aside. State v. Austin, 255 La. 108, 229 So.2d 717 (1969). See also: State v. Chighizola, 281 So.2d 702 (La.1973); State v. Coody, 275 So.2d 773 (La.1973); State ex rel. Robinson, 257 La. 179, 241 So.2d 762 (1970). Cf., La.C.Cr.P. art. 514 and Official Revision Comment thereto.
The amendment or correction of sentence was imposed upon the present defendant without his counsel being present. By reason of the legal authority above set forth, an amended or corrected sentence imposed without the assistance of counsel is invalid, at least where it arguably affects unfavorably the rights of the accused or where a counsel might be of substantial assistance to the accused if present.
Accordingly, we annul and set aside the amended or corrected sentence of April 11, 1975, and we remand the case to the trial court for further proceedings in accordance with law and consistent with this opinion.
Sentence annulled; case remanded.