FOGG, Judge.
The defendant, Phillip Lentz, Jr., was charged with one count of attempted aggravated burglary, a violation of LSA-R.S. 14:60 and 14:27, and one count of aggravated burglary, a violation of LSA-R.S. 14:60. After a trial by jury, he was found guilty of attempted aggravated burglary on both counts. The trial court sentenced the defendant to ten years at hard labor on each count, to be served consecutively. The state filed a habitual offender bill of information charging the defendant as a third-felony habitual offender. Subsequently, the defendant filed a motion for new trial. The trial court denied the motion and, after a hearing, adjudicated the defendant as a third-felony habitual offender. The trial court then imposed a sentence of life imprisonment at hard labor, without benefit of probation, parole or suspension of sentence.
About 2:00 a.m. on July 27, 1999, the defendant began beating the door of a residence in Walker with a baseball bat. One of the residents armed himself with a *657 gun, and the defendant walked away. The defendant then approached a second residence in Walker and began beating the door. The resident of the second home armed herself and, after hearing the defendant break a window, fired shots. The defendant was injured and ran from the home into a ditch, where he remained until he was arrested.
In his first assignment of error, the defendant asserts the trial court erred in denying his motion for new trial. He contends that his defense counsel was ineligible to practice law at the time of his trial, rendering his convictions invalid. The defendant seeks a per se rule that his counsel, ineligible to practice law for the failure to complete mandatory continuing legal education (CLE) requirements, violated his constitutional guarantee of the assistance of counsel.
At the hearing on the defendant’s motion for new trial, his appointed trial attorney, Edward Domm, testified that in July of 2000, he received a letter from the 1 ¡¡Louisiana State Bar Association advising him that he had not completed the required CLE and that he was given thirty days to correct the problem.[1] Mr. Domm further testified that the letter he received informed him that if he did not submit certification of the required CLE, he would be suspended from the practice of law. Mr. Domm explained that he lacked the required one hour of professionalism. At the hearing, the defendant introduced a Louisiana State Bar Association document certifying that Mr. Domm was “not an active member in good standing” as of August 14, 2000. The defendant’s trial began on August 15, 2000. Mr. Domm testified that after the trial he obtained the required one hour of professionalism. The trial court denied the motion for new trial.
The Sixth Amendment provides that “[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence.” U.S. Const, amend. VI. The right to counsel plays a crucial role in the adversarial system embodied in the Sixth Amendment. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This right exists, and is needed, in order to protect the fundamental right to a fair trial. Strickland, 466 U.S. at 684, 104 S.Ct. at 2063.
The guarantee of “[assistance of counsel” means, at the least, “representation by a licensed practitioner.” Solina v. United States, 709 F.2d 160, 167 (2d Cir.1983). An unlicensed practitioner, unauthorized to practice law within the state, fails to meet the guarantee of counsel afforded a criminal defendant by our constitution. Representation by an individual precluded from practicing law before the court cannot satisfy the defendant’s constitutional right to counsel.
|4When the accused has been deprived of representation by counsel, he is entitled to relief without proving that he was prejudiced by the deprivation. United States v. Novak, 903 F.2d 883 (2d Cir.1990). In reaching this result, we decline to follow the reasoning utilized by our brethren in the Fourth Circuit in the case of State v. McKinsey, 2000-0406 (La.App. 4 Cir. 1/17/01), 779 So.2d 993, writ denied, 2001-0447 (La.1/25/02), 806 So.2d 667. The assistance of counsel is among those constitutional rights so basic to a fair trial that their infraction can never be treated *658 as harmless error. Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978). Because we find merit in this assignment of error, we pretermit the other assignment of error raised on appeal.
Accordingly, the defendant’s convictions and original sentences are reversed, and we remand this matter to the trial court.
CONVICTIONS AND SENTENCES REVERSED; CASE REMANDED.
WHIPPLE, J., dissents, for reasons assigned.

. La. Sup.Ct. Rule XXX, CLE R. 3 establishes the CLE requirements. La. Sup.Ct. Rule XXX, CLE R. 6 addresses noncompliance. We note that La. Sup.Ct. Rule XXX, CLE R. 6(b) and Reg. 6.1 provide that an attorney on the noncompliance list must furnish documentation of his compliance within sixty days.