844 So.2d 837 (2003)
STATE of Louisiana
v.
Phillip LENTZ, Jr.
No. 2002-K-1201.
Supreme Court of Louisiana.
April 9, 2003.
Rehearing Denied May 30, 2003.
*838 Richard P. Ieyoub, Attorney General, Scott M. Perrilloux, District Attorney, Zata W. Ard, Hammond, David L. Guidry, Denham Springs, for Applicant.
Marilyn M. Fournet, for Respondent.
WEIMER, Justice.
Defendant was convicted of two counts of attempted aggravated burglary. On appeal, the court determined that defendant's counsel was ineligible to practice law at the time of the trial for failure to acquire the full complement of continuing legal education (CLE) credits for that year and, thus, defendant was not afforded his constitutional guarantee of assistance of counsel. Defendant's convictions and sentences were reversed and the matter remanded to the trial court. The State's application for a writ of certiorari was granted to consider the merits of that decision. State v. Lentz, 01-0386 (La.App. 1 Cir. 3/28/02), 813 So.2d 656, writ granted, XXXX-XXXX (La.11/27/02), 831 So.2d 268.
We decline to adopt a rule that representation by an attorney ineligible to practice law for failure to complete CLE requirements is a per se violation of defendant's constitutional guarantee of assistance of counsel and reverse the decision of the court of appeal. The matter is remanded to the court of appeal for consideration of defendant's other assignment of error.

FACTS AND PROCEDURAL BACKGROUND
Armed with a baseball bat, the defendant began beating on the door of a residence *839 in Walker, Louisiana, about 2:00 a.m. on July 27, 1999. After one of the residents armed himself with a gun, defendant walked away. Thereafter, defendant approached a second residence in Walker and began beating on the door. The second resident fired shots after hearing the defendant break a window. Injured, the defendant ran from the home. He was found in a ditch and was arrested.
A jury found defendant guilty of two counts of attempted aggravated burglary. The trial court sentenced defendant to 10 years at hard labor on each count, to be served consecutively. The State filed a habitual offender bill of information charging the defendant as a third-felony offender. Subsequently, the defendant filed a motion for new trial alleging that his attorney was ineligible to practice law during the trial. The trial court denied the motion and, after a hearing, adjudicated the defendant a third-felony offender. The trial court then imposed a sentence of life imprisonment at hard labor, without benefit of probation, parole or suspension of sentence. The defendant appealed. His convictions and sentences were reversed. We granted certiorari to review the merits of the decision.

DISCUSSION
Some time following the trial, defendant learned that his attorney was ineligible to practice law at the time of his trial. He filed a motion for new trial based on the newly discovered evidence that his attorney was ineligible. The trial court conducted a hearing on the motion for new trial.
During the hearing, defendant's trial counsel, Edward Bartholomew Domm, IV, testified that he was first notified in March or April that he was lacking some of the mandatory CLE hours. He contacted the Louisiana Bar Association explaining there were discrepancies in the transcript from the prior year. In mid-July he received another letter informing him that he needed the mandatory minimum hour of professionalism and that he had 30 days to complete the requirement or face disciplinary action.[1] Counsel testified that he never received a letter from the Louisiana Bar Association notifying him that he was ineligible to practice law effective August 14, 2000. In fact, he testified he had not seen the letter prior to its introduction at the hearing.
Louisiana Supreme Court Rule 30, CLE Rule 3 establishes CLE requirements for each member of the Louisiana State Bar Association. Rule 3(c) provides in part:
Of the fifteen (15) hours of CLE required annually, not less that one (1) of such hours shall concern legal ethics, and not less than one (1) of such hours shall concern professionalism.
....
Professionalism concerns the knowledge and skill of the law faithfully employed in the service of client and public good, and entails what is more broadly expected of attorneys. It includes courses on the duties of attorneys to the judicial system, courts, public, clients, and other attorneys; attorney competency; and pro bono obligations.
*840 The trial judge denied defendant's motion finding that Domm was temporarily ineligible, not suspended. "The fact that he was temporarily ineligible due to the lack of one hour of professionalism, 1 out of 15, does not rise in my estimation to the level that would warrant granting [defendant's] motion without getting to the second question of ineffective assistance of counsel." The trial judge went on to state that had Domm been suspended, the result would be different.
On appeal, the defendant asserted as error the denial of his motion for a new trial. He argued that his convictions were invalid because his defense counsel was ineligible to practice law at the time of trial. He sought a per se rule that his constitutional guarantee of assistance of counsel was violated.
The court of appeal acknowledged the defendant's right to counsel provided by the Sixth Amendment. Relying on Solina v. United States, 709 F.2d 160, (2d Cir. 1983), the appellate court found that representation by "[a]n unlicensed practitioner, unauthorized to practice law within the state, failed to meet the guarantee of counsel afforded a criminal defendant by our constitution." Additionally, the court of appeal held that defendant did not have to prove that counsel's inadequacy prejudiced him in any way.
The majority declined to follow the reasoning of the fourth circuit in State v. McKinsey, XXXX-XXXX (La.App. 4 Cir. 1/17/01) 779 So.2d 993, writ denied, XXXX-XXXX (La.1/25/02), 806 So.2d 667. Instead, the majority in this matter held that such an infraction can never be considered harmless error because assistance of counsel is fundamental to a fair trial. The court cited Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for the proposition that the right to counsel is crucial to protect the fundamental right to a fair trial.[2]
In the instant case, Judge Whipple dissented from the majority, finding that the sole Louisiana case addressing the issue, the fourth circuit's opinion in State v. McKinsey, was both well-reasoned and legally correct. Lentz, 813 So.2d at 658. In McKinsey, the defendant alleged ineffective assistance of counsel because his trial attorney was ineligible to practice law based upon noncompliance with state CLE requirements. The fourth circuit noted defendant failed to specify counsel's prejudicial acts or cite any case law supporting his position. Based upon the record, the court found that defendant was ably represented by his attorney and held that in addition to alleging ineffectiveness defendant must show prejudice. McKinsey, 779 So.2d at 1000-1001.
We agree with the reasoning of the fourth circuit in McKinsey and with Judge Whipple's dissent in this matter and decline to adopt a per se rule for ineffective assistance of counsel due to counsel's failure to comply with all requirements of CLE. We believe the better rule is to review each situation on a case by case basis considering all factorsthe extent of counsel's noncompliance plus a showing that defendant was prejudiced by the representation.
*841 In this matter, defendant's trial commenced on August 15. According to the certificate from the Louisiana State Bar Association, defendant's counsel was ineligible to practice law effective August 14, 2000, for "[n]on-compliance with mandatory continuing legal education requirements." Unlike the attorney who represented the defendant in Solina v. United States, relied on by the majority in this matter, Domm was not an unlicensed practitioner, unauthorized to practice law. He was properly licensed and not under suspension at the time of the trial, albeit ineligible for noncompliance with mandatory CLE requirements. The person representing Solina had graduated from law school, but had never passed a bar exam and was unlicenced to practice law. The court in Solina found the conviction had to be reversed because defendant lacked counsel. The court specifically stated:
In so construing the original understanding of the term "counsel" we do not intimate that any technical defect in the licensed status of a defendant's representative would amount to a violation of the Sixth Amendment. We limit our decision in this case to situations where, unbeknown to the defendant, his representative was not authorized to practice law in any state, and the lack of such authorization stemmed from failure to seek it or from its denial for a reason going to legal ability, such as failure to pass a bar examination, or want of moral character, e.g., Huckelbury v. State, 337 So.2d 400 (Fla.App.1976). [Footnote omitted.]
Solina, 709 F.2d at 167.
The mere absence of one hour of professionalism for the prior year's CLE requirements does not automatically equate to ineffective assistance of counsel. Defense attorney's CLE lapse appeared to have no bearing on his competence to represent defendant within the meaning of the Sixth Amendment right to counsel. We acknowledge there is a broad jurisprudential reluctance to overturn otherwise valid convictions on grounds of technical CLE infractions. Although not controlling, jurisprudence from other jurisdictions is instructive.
Judge Whipple cited other state court decisions similar to the instant case. The California Supreme Court addressed the question of whether representation by an attorney on inactive status because of failure to meet CLE requirements constitutes a per se denial of right to counsel guaranteed by the California Constitution in People v. Ngo, 14 Cal.4th 30, 57 Cal.Rptr.2d 456, 924 P.2d 97 (1996). Following a review of the professional rules relating to CLE requirements and the relationship of CLE requirements to competency, the California Supreme Court concluded that representation by an attorney involuntarily enrolled on inactive status for noncompliance of CLE requirements does not automatically amount to denial of counsel.
A Texas court in Henson v. State, 915 S.W.2d 186, 194-195 (Tex.App.-Corpus Christi 1996), concluded that a suspension for technical violations such as nonpayment of bar dues or noncompliance with CLE requirements does not deny a defendant the right to counsel. Additionally, in the absence of a showing that the attorney rendered ineffective assistance of counsel, the court concluded that defendant's conviction would not be reversed.
Similarly, in United States v. Maria-Martinez, 143 F.3d 914 (5th Cir.1998), cert denied, 525 U.S. 1107, 119 S.Ct. 876, 142 L.Ed.2d 776 (1999), the defendant appealed a guilty plea entered while he was represented by an attorney who had been barred from practicing for six months in *842 fifth circuit courts. The fifth circuit declined to establish a per se ineffectiveness rule in cases of representation by lawyers without proper credentials.
The question to be resolved by this court is whether reversal of defendant's convictions is appropriate in the absence of any allegation or evidence that counsel's ineligibility had any impact on his competence to try the case. The distinction drawn by the trial court between suspension and ineligibility in terms of ranking the importance is fully supported by this court's rules. Although this court retains the ultimate authority to certify a member of the bar ineligible to practice law, enforcement of the MCLE program rests principally with the MCLE Committee, which reports directly to this court. La. S.Ct. Rule 30, CLE Rule 6(e), Reg. 6.3. The only explicit prerequisite for reinstatement is that the member obtain the necessary credit hours and pay a nonwaivable reinstatement fee of $100 to the State Bar Association. La.S.Ct. Rule 30, CLE Rule 6, Reg. 6.5.
Suspension, on the other hand, is a sanction imposed by this court as a matter of La.S.Ct. Rule 19, § 10(2). A suspended attorney may be required to petition this court for reinstatement and must show, inter alia, that he or she "has not engaged nor attempted to engage in the unauthorized practice of law during the period of suspension or disbarment" and has not "engaged in any other professional misconduct since suspension or disbarment." La. S.Ct. Rule 19, § 24(E)(2) and (E)(5). The unauthorized practice of law during a period of suspension imposed by this court is a far more serious infraction than similar conduct during a period of ineligibility imposed as a result of the failure to comply with mandatory CLE.
Under the circumstances of this case, we find the trial court and the State have accurately characterized the violation as a technical violation which in this case had no bearing on the attorney's competence to try the case. The mandatory one hour of professionalism generally concerns "the knowledge and skill of the law faithfully employed in the service of client and public good, and entails what is broadly expected of attorneys." La.S.Ct. Rule 30, CLE Rule 3(c). Clearly, the information imparted in a CLE course on professionalism is of use to a trial attorney.
Unrebutted testimony established that Domm had fulfilled all of his CLE hours except professionalism by the time of trial and was presumably fully informed of the newest developments in his field. The trial court found defendant could not show any connection between Domm's CLE ineligibility and the fundamental fairness of the proceedings at trial. That finding was correct.
Our decision in this matter is not meant to sanction or excuse the attorney's action or inaction. In rendering this opinion, we are in no way implying that professionalism is unimportant or insignificant. To the contrary, we recognize that professionalism is currently a mandatory requirement of continuing legal education. However, we are not prepared to hold that failure to satisfy the one hour of professionalism requirement is sufficient to establish a per se rule of ineffective assistance of counsel. Defendant must allege and prove prejudice. See Strickland v. Washington and State v. Washington as discussed in footnote 2 of this opinion.

CONCLUSION
For the foregoing reasons, we reverse the opinion rendered by the appellate court, reinstate the convictions and sentences, and remand the matter to the appellate *843 court for consideration of defendant's remaining assignment of error.
REVERSED AND REMANDED.
NOTES
[1] La. Sup.Ct. Rule 30, CLE Rule 6(b) and Reg. 6.1 provides that an attorney on the noncompliance list must furnish documentation of compliance within sixty (60) days.

From the information in the record it is unclear whether the communication received by Domm in July was a noncompliance report form and, if so, why he was given only 30 days to correct the problem instead of the 60 days provided by CLE rules and regulations.
We note Domm testified that he attended a one day seminar before the end of August which included the hour of professionalism he needed.
[2] Under the standard for ineffective assistance of counsel set out in Strickland and adopted by this court in State v. Washington 491 So.2d 1337, 1339 (La.1986), a reviewing court must reverse a conviction if the defendant establishes that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and counsel's inadequate performance prejudiced defendant to the extent that the trial was rendered unfair and the verdict suspect.