30 So.3d 1024 (2010)
STATE of Louisiana
v.
Percy ALLEN.
No. 2009-KA-0813.
Court of Appeal of Louisiana, Fourth Circuit.
January 13, 2010.
*1025 John Harvey Craft, Louisiana Appellate Project, New Orleans, LA, for Percy Allen.
Leon A. Cannizzaro, Jr., District Attorney, Nisha Sandhu, Assistant District Attorney, New Orleans, LA, for State of Louisiana.
(Court composed of Judge DENNIS R. BAGNERIS, SR., Judge EDWIN A. LOMBARD, Judge PAUL A. BONIN).
PAUL A. BONIN, Judge.
Percy Allen was convicted by a six-person jury of the crime of simple possession of cocaine. La. R.S. 40:967 C. Adjudicated a quadruple felony offender, he was sentenced to twenty years at hard labor, without benefit of probation or suspension of sentence. La. R.S. 15:529.1 A(1)(c)(i). In addition to requesting us to review for errors patent, which we always do, he solely appeals the excessiveness of his sentence. For the reasons which follow, we affirm the conviction and sentence.

I
While patrolling shortly after midnight, two New Orleans police officers came upon a car stopped in the middle of the street. A pedestrian was leaning into the car. Alerted to the police, the driver of the car sped away, but the police gave brief chase. During the chase, one of the officers observed the driver discard objects. After the driver and passenger were stopped and secured, the officer retrieved from the side of the street crack cocaine in a packet and a crack pipe. The driver, Mr. Allen, was arrested for possession of cocaine. The crack weighed 4.98 grams. The maximum penalty for that amount of cocaine is five years at hard labor. La. R.S. 40:967 C(2).
Mr. Allen had been convicted of three prior felonies: (1) illegal use of a firearm in 1993, (2) second degree battery in 2003, and (3) possession of cocaine in 2004. After a hearing[1] on the multiple bill allegation, the court on October 14, 2008 adjudicated Mr. Allen a quadruple offender. La. R.S. 15:529.1 A(1)(c)(i) provides:
Any person who, after being convicted within this state of a felony ..., thereafter commits any subsequent felony in *1026 this state, upon conviction of said felony, shall be punished as follows: ... If the fourth or subsequent felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then: ... The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life ...
The district judge imposed the twenty year sentence without benefit of probation or suspension of sentence. La. R.S. 15:529.1 G. Immediately following the imposition of sentence, the sentencing judge invited Mr. Allen's private defense counsel to orally move for reconsideration. Defense counsel moved for reconsideration, which was immediately denied. La. C.Cr.P. art. 881.1 B and D.

II
We have reviewed the record for errors patent. La.C.Cr.P. art. 920(2). We have found none, but note a discrepancy between the sentencing transcript and the minute entry. The twenty year sentence announced by the judge was without benefit of probation or suspension of sentence. The minute entry records that the sentence is without benefit of probation, parole, or suspension of sentence. Ordinarily, the transcript is controlling over the minute entry. State v. Lynch, 441 So.2d 732, 734 (La.1983). The minute entry in this case is, however, legally correct. La. R.S. 15:574.4 A(1) provides in pertinent part that "[a] person convicted of a third or subsequent felony offense shall not be eligible for parole." See also La. R.S. 15:301.1 A. The Louisiana Supreme Court held in State v. Williams, 00-1725, p. 10 (La.11/28/01), 800 So.2d 790, 799 that:
In instances where these restrictions are not recited at sentencing, L.A. REV. STAT. ANN. § 15:301.1(A) deems that those required statutory restrictions are contained in the sentence, whether or not imposed by the sentencing court. Additionally, this paragraph self-activates the correction and eliminates the need to remand for a ministerial correction of an illegally lenient sentence which may result from the failure of the sentencing court to impose punishment in conformity with that provided in the statute.

III
We turn now to Mr. Allen's assignment of error that his sentence is excessive. The United States Supreme Court in Solem v. Helm, 463 U.S. 277, 284-290, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), set forth the following principle:
The Eighth Amendment declares: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The final clause prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed.
The principle that a punishment should be proportionate to the crime is deeply rooted and frequently repeated in common-law jurisprudence. ... Although the precise scope of this provision is uncertain, it at least incorporated "the longstanding principle in English law that the punishment ... should not be, by reason of its excessive length or severity, greatly disproportionate to the offense charged. ...
When the Framers of the Eighth Amendment adopted the language of the English Bill of Rights, they also adopted the English principle of proportionality.... Thus our Bill of Rights was designed in part to ensure that these rights were preserved. Although the Framers may have intended the Eighth *1027 Amendment to go beyond the scope of its English counterpart, their use of the language of the English Bill of Rights is convincing proof that they intended to provide at least the same protection  including the right to be free from excessive punishments. ...
In sum, we hold as a matter of principle that a criminal sentence must be proportionate to the crime for which the defendant has been convicted. Reviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as the discretion that trial courts possess in sentencing convicted criminals. But no penalty is per se constitutional. ...
The Louisiana Supreme Court in State v. Dorthey, 623 So.2d 1276 (La.1993), relying in part on La. Const. art. I, § 20 ("No law shall subject any person ... to cruel, excessive or unusual punishment.") remanded the case
for its determination as to whether the minimum sentence mandated for this habitual criminal defendant by virtue of R.S. 15:529.1 for simple possession of cocaine is constitutionally excessive as applied to this particular defendant, and for appropriate sentencing.
Dorthey emphasized the judiciary's constitutional duty to review sentences for excessiveness:
... we recognize that the review of sentencing, including sentencing under R.S. 15:529.1, is a long established function of the judicial branch. Accordingly, Louisiana's judiciary maintains the distinct responsibility of reviewing sentences imposed in criminal cases for constitutional excessiveness. State v. Sepulvado, 367 So.2d 762 (La.1979). According to Sepulvado, the 1974 Louisiana Constitution, Article I, Section 20 "`gives the courts, in the exercise of their judicial power, a basis for determining that sentences, whether fine, imprisonment or otherwise, though not cruel and unusual, are too severe as punishment for certain conduct and thus unconstitutional. It is a basis for extending the court's control over the entire sentencing process.'" Id. at 766, citing "The Declaration of Rights of the Louisiana Constitution of 1974", 35 La. L.Rev. 1, 63 (1974). Thus, "[t]he imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional right against excessive punishment ..." Id. at 767. Accordingly, under the 1974 Constitution "the excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court." Id. at 764. ... (emphasis added)
Dorthey, supra at 1280. If a sentence is constitutionally excessive, a sentencing judge has not only the option but "indeed the duty [] to reduce such sentence to one that is not." Id.
Mr. Allen's private counsel did not comply with the statutory requirements for properly preserving an objection or claim for excessiveness on appeal. See La. C.Cr.P. arts. 881.1 E and 881.2 A(1). We would, however, consider the claim of excessiveness when there has been a timely objection to the sentence upon denial of a motion to reconsider. State v. Miller, 00-0218, p. 8 (La.App. 4 Cir. 7/25/01), 792 So.2d 104, 111. In this case, the district judge both suggested to the defense counsel the urging of the motion to reconsider and supplied on behalf of the defense counsel the objection to the court's ruling. Thus, the issue of excessiveness is procedurally preserved for review. There are no facts in the record which individualize or particularize this defendant or his circumstances. We know virtually nothing about him, including his age or whether he is or was addicted to crack cocaine, or *1028 whether any previous periods of incarceration had failed to curb his criminal conduct. In short, there is nothing substantive for us to consider in determining whether this sentence amounts to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime." Dorthey, supra at 1280-1281. Based on this record, we cannot say that Mr. Allen's situation is one of those rare cases deserving of a downward departure from the habitual offender law. See State v. Johnson, 97-1906, p. 8 (La.3/4/98), 709 So.2d 672, 677.

DECREE
The conviction of Percy Allen for simple possession of crack cocaine is affirmed. His sentence of twenty years at hard labor without the benefit of probation, parole or suspension of sentence is also affirmed.
AFFIRMED.
LOMBARD, J., concurs with reasons.
BONIN, J., concurs with reasons.
LOMBARD, J., concurs with reasons.
The sole issue in this case is whether the district court erred in denying the defendant's motion for reconsideration of sentence. The Habitual Offender Law in its entirety is constitutional and, accordingly, the minimum sentences it imposes upon multiple offenders are presumed constitutional.[1] Courts always retain the power to declare a sentence excessive under Article I, Section 20 of the Louisiana Constitution, but this power is "exercised only when the court is clearly and firmly convinced that the minimum sentence is excessive"[2] and in this case the trial judge chose to impose the mandatory minimum sentence.
There is no dispute[3] that in Louisiana claims of excessive sentencing and ineffective assistance of counsel at sentencing are not cognizable on collateral review.[4] However, an ineffective assistance of counsel claim requires both a showing that the counsel was deficient and a showing that such deficiency resulted in prejudice.[5] Thus, the question is not whether counsel was "particularly skillful," but whether he was ineffective to the point of being prejudicial and whether a different outcome was likely but for his ineffective assistance. Ineligibility to practice is not, of course, prejudicial per se[6] and, in any event, appellate *1029 courts are courts of record and may not review evidence that is not in the appellate record or receive new evidence.[7] Thus, whether counsel was ineligible due to non-payment of bar dues is not germane.
I, too, am concerned for the defendant's rights and the extent to which the Melinie decision forecloses collateral review of sentences and effective assistance of counsel at sentencing. However, review of a Louisiana Supreme Court decision is beyond the purview of this court and we should not attempt to make an end-run around their decision by going outside the record, establishing a precedent for the court to comb bar rolls, or second-guessing an attorney's decisions in the guise of an effective assistance review on direct appeal. Accordingly, affirmation of the defendant's conviction and sentence is appropriate.
BONIN, J., concurs with reasons.
I write additionally and separately[1] to call attention to the concern that this defendant, and likely many others like him, will never have the benefit of a meaningful judicial review of his claim of an unconstitutionally excessive sentence, a sentence which is proscribed by the Eighth Amendment and Louisiana Const. art. I, § 20. Mr. Allen's sentence is presumptively constitutional. State v. Johnson, 97-1906, pp. 5-6 (La.3/4/98), 709 So.2d 672, 675. But no sentence is per se constitutional. Solem v. Helm, 463 U.S. 277, 290, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).
Superficially at least, Mr. Allen's sentence is comparable to the one in State v. Dorthey, 623 So.2d 1276 (La.1993) in that he is a quadruple offender sentenced to the so-called[2] mandatory minimum sentence of twenty years for the simple possession of a small amount of crack cocaine. The fact that we have recognized his ineligibility for parole is a further important factor in the consideration of the excessiveness of his sentence. See, e.g., Solem, supra at 297 (comparing the life sentence without eligibility to the life sentence with eligibility for parole in Rummel v. Estelle, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980)). But Mr. Allen will never get a substantive Dorthey review.
A direct appeal is the last chance in Louisiana for a convicted person to obtain judicial review of his or her sentence for constitutional excessiveness; post-conviction relief is unavailable on a claim of sentencing excessiveness. See La.C.Cr.P. art. 930.3. The Louisiana Supreme Court made clear in State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172 that
La.Code Crim. Proc. Art. 930.3, which sets out the exclusive grounds for granting post-conviction relief, provides no basis for review of claims of excessiveness or other sentencing error post-conviction. [citations omitted] Accordingly, relator's claim for post-conviction based on the excessiveness of his sentence is denied.
*1030 More importantly for this discussion, citing only to Melinie and La.C.Cr.P. art. 930.3, the Louisiana Supreme Court in a per curiam decision recently (and after the briefing deadlines in this case) declared that a claim of ineffective assistance of counsel at sentencing is not cognizable on collateral review. State v. Thomas, 08-2912 (La.10/16/09), 19 So.3d 466. Accordingly, Mr. Allen cannot successfully raise a claim of ineffective assistance of counsel at sentencing through an application for post-conviction relief.[3] As far as the excessiveness of his sentence is concerned, this appeal is the end of the road for Mr. Allen.[4]
Due to the "critical nature of sentencing in a criminal case ... the right to counsel applies at sentencing." Mempa v. Rhay, 389 U.S. 128, 134, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). In Mempa, the Court stated:
"[T]he necessity for the aid of counsel in marshaling the facts, introducing evidence of mitigating circumstances and in general aiding and assisting the defendant to present his case to sentence is apparent.
Even more important in a case such as this is the fact that certain legal rights may be lost if not exercised at this stage.
Id. at 135 (emphasis supplied)
Later, in its decision McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968) (per curiam), the United States Supreme Court held that the Sixth Amendment "right to counsel at sentencing must, therefore, be treated like the right to counsel at other stages of adjudication." The Louisiana Supreme Court in State v. White, 325 So.2d 584 (La.1976), noted that, in addition to the Sixth Amendment right to counsel,
Our state constitution recognizes the right to the assistance of counsel at every stage of the proceedings against a person accused of a crime, La. Const. Art. 1, Section 13 (1974), unless this right is intelligently waived. ...
A defendant is entitled to the assistance of his counsel at his sentencing; a sentence imposed in the absence of counsel is invalid and must be set aside. [citations omitted]
The amendment or correction of sentence was imposed upon the present defendant without his counsel being present. By reason of the legal authority above set forth, an amended or corrected sentence imposed without the assistance of counsel is invalid, at least where it arguably affects unfavorably the rights of the accused or where counsel might be of substantial assistance to the accused if present. (emphasis added)
In Maine v. Moulton, 474 U.S. 159, 168-169, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985), the United States Supreme Court emphasized the indispensable right to counsel:
The right to the assistance of counsel guaranteed by the Sixth and Fourteenth Amendments is indispensable to the fair administration of our adversarial system of criminal justice. Embodying "a realistic recognition of the obvious truth that the average defendant does not have the professional legal skill to protect himself," Johnson v. Zerbst, 304 U.S. 458, 462-463, 58 S.Ct. 1019, 82 L.Ed. 1461... (1938), the right to counsel safeguards *1031 other rights deemed essential for the fair prosecution of a criminal proceeding.
During our court's consideration of this matter, it was learned that Mr. Allen's counsel has been ineligible to practice law since October 1, 2008 for non-payment of bar dues and disciplinary assessment fees and is currently under interim suspension by the Louisiana Supreme Court. See In re Boyer, 09-1735 (La.7/29/09), 13 So.3d 1126.[5] The multiple bill hearing was held on October 14, 2008, and, on October 28, 2008, Mr. Allen was sentenced and his motion for reconsideration was denied. At no time did his counsel seek to introduce evidence or argue to the sentencing judge any facts which would support a finding that a twenty year sentence, without benefit of probation, parole, or suspension of sentence was excessive. There is nothing in the record to reasonably inform either the sentencing judge or a reviewing court about the particulars of Mr. Allen, his crime, or his criminal history other than the multiple bill allegations. We do not know, for example, his age, whether he is a crack addict, whether he had ever been treated for drug addiction, or whether lesser periods of incarceration had failed in deterring his illegal conduct. Whether, however, Mr. Allen was prejudiced at sentencing by the representation, especially since the record of his counsel's handling of the motion to reconsider sentence to preserve appellate review for constitutional excessiveness does not seem particularly skillful,[6]see State v. Lentz, 02-1201, p. 5 (La.4/9/03), 844 So.2d 837, 840,[7] one cannot say from the bare record of the proceedings below.
Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), requires a dual determination that the defendant suffered from a breakdown in the adversary process that renders the result unreliable, that is the defendant must (1) show that counsel's performance was deficient and (2) show that the deficient performance prejudiced the defense to the extent elaborated by Glover v. United States, 531 U.S. 198, 203, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001) ("Authority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance."). Because of the paucity of factual information, no reviewing court can ascertain on this record whether this sentence could have been corrected on appeal, see Glover, 531 U.S. at 204, and, if so, what is the sentence of the greatest length which would not be constitutionally excessive. See State v. Addison, 94-2745 (La.6/23/95), 657 So.2d 974, 975. Our court on this record is simply unable to afford Mr. Allen a meaningful review of whether the Eighth Amendment's "narrow proportionality principal" as applied to his non-capital sentence is violated. See Ewing v. California, 538 U.S. 11, 20, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003) and Dorthey, supra.
Moreover, under Thomas as I understand its import, no Louisiana court in the future will be able to apply Strickland to Mr. Allen's counsel's professional performance at his sentencing, which is arguably the most critical moment for a quadruple *1032 offender to have the effective assistance of counsel in asserting and preserving his rights. If Thomas does preclude post-appeal inquiry into counsel's performance at sentencing and thereby insulates from judicial review a potentially excessive and disproportionate sentence imposed due to the failure of defense counsel to present a case for downward departure, then one would expect that future appellants would carefully consider assigning as error on their direct appeals not only the sentence's excessiveness but also the ineffective assistance of their counsel at sentencing. Of course, in our adversarial system the better practice remains zealous advocacy by the defendant's counsel in making a complete factual record at the sentencing hearing and at the hearing on the motion to reconsider so that the sentencing judge and the reviewing judges can meaningfully discharge their constitutional duty to review a sentence for excessiveness.
NOTES
[1] The multiple bill hearing was conducted in very much the same manner as this writer described, and criticized, in State v. Conner, 08-473, p. 9 (La.App. 4 Cir. 10/1/08), 996 So.2d 564, 569-571 (Bonin, J., concurring in part and dissenting in part).
[1] State v. Johnson, 97-1906, pp. 5-6 (La.3/4/98), 709 So.2d 672, 675.
[2] Johnson, 97-1906 at 6, 709 So.2d at 676.
[3] Thus, there is no question that the defendant will be unable to raise either claim through an application for post-conviction relief and it is unnecessary to refer or cite unpublished opinions, a practice disfavored by the Louisiana Supreme Court, is unnecessary. See Roberts v. Sewerage and Water Board of New Orleans, 92-2048 (La.3/21/94), 634 So.2d 341, 349; Uniform Rules of Louisiana Courts of Appeal, Rule 2-16.
[4] State v. Thomas, 2008-2912 (La. 10/16/09), 19 So.3d 466 (citing La.Code Crim. Proc. art. 930.3 and State v. ex rel Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172).
[5] Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (to establish prejudice, a defendant must prove that these errors deprived him of a fair trial by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"); State v. Garland, 482 So.2d 133, 135 (La.App. 4 Cir.1986) (defendant satisfy both prongs of test to establish that counsel was so ineffective as to require reversal).
[6] State v. Lentz, XXXX-XXXX (La.4/9/03), 844 So.2d 837, 840 (counsel's ineligibility to practice due to noncompliance with state CLE requirements not ineffective assistance per se); State v. McKinsey, XXXX-XXXX, p. 12 (La. App. 4 Cir. 1/17/01), 779 So.2d 993, 1000 (allegation of ineffective assistance must be coupled with specific showing of prejudice, specifically particularized acts and omission occasioned by counsel's non-compliance with CLE requirements that were prejudicial to the point of ineffective assistance).
[7] Denoux v. Vessel Mgmt. Servs., Inc., 07-2143, p. 6 (La.5/21/08), 983 So.2d 84, 88.
[1] See, e.g., Hamilton v. Royal International Petroleum Corporation, 05-846 (La.2/22/06), 934 So.2d 25.
[2] The sentence is only "mandatory" if and when the prosecutor exercises his or her unbridled discretion to charge a defendant as an habitual offender. See La. R.S. 15:529.1 D(1)(a) ("... the district attorney of the parish in which the subsequent conviction was had may file an information accusing the person of a previous conviction ..." (emphasis supplied)). See also State v. Johnson, 97-1906, p. 11 (La.3/4/98), 709 So.2d 672, 678-679 (Johnson, J., dissenting).
[3] There has been a consistent line of unpublished cases in which this circuit applied the same rule pre-Thomas. See State v. Cobb, 09-468 (La.App. 4 Cir. 7/27/09) (unpub.); State v. Lindsey, 01-1519 (La.App. 8/27/01) (unpub.); State v. Gills, 00-2305 (La.App. 4 Cir. 11/21/00) (unpub.), and State v. Rousell, 08-851 (La.App. 4 Cir. 8/4/08) (unpub.).
[4] I do not venture into Mr. Allen's possibilities under federal habeas relief under 28 U.S.C. § 2254. See, e.g., Ward v. Dretke, 420 F.3d 479 (5th Cir., 2005).
[5] See also the Petition For Interim Suspension Under Louisiana Supreme Court Rule XIX, Section 19.2 filed by the Office of Disciplinary Counsel.
[6] See State v. McKinsey, 00-406, p. 14 (La. App. 4 Cir. 1/17/01), 779 So.2d 993, 1001.
[7] In Lentz there was a hearing record from the trial court upon which the appropriate factual and legal evaluations could be made.