LOMBARD, J.,
concurs with reasons.
I,The sole issue in this case is whether the district court erred in denying the defendant’s motion for reconsideration of sentence. The Habitual Offender Law in its entirety is constitutional and, accordingly, the minimum sentences it imposes upon multiple offenders are presumed constitutional.[1] Courts always retain the power to declare a sentence excessive under Article I, Section 20 of the Louisiana Constitution, but this power is “exercised only when the court is clearly and firmly convinced that the minimum sentence is excessive” [2] and in this case the trial judge chose to impose the mandatory minimum sentence.
There is no dispute[3] that in Louisiana claims of excessive sentencing and ineffective assistance of counsel at sentencing are not cognizable on collateral review.[4] However, an ineffective assistance of counsel claim requires both a showing that the counsel was deficient and a showing that such deficiency resulted |2in prejudice.[5] Thus, the question is not whether counsel was “particularly skillful,” but whether he was ineffective to the point of being prejudicial and whether a different outcome was likely but for his ineffective assistance. Ineligibility to practice is not, of course, prejudicial per se[6] and, in any event, appel *1029 late courts are courts of record and may not review evidence that is not in the appellate record or receive new evidence.[7] Thus, whether counsel was ineligible due to non-payment of bar dues is not germane.
I, too, am concerned for the defendant’s rights and the extent to which the Melinie decision forecloses collateral review of sentences and effective assistance of counsel at sentencing. However, review of a Louisiana Supreme Court decision is beyond the purview of this court and we should not attempt to make an end-run around their decision by going outside the record, establishing a precedent for the court to comb bar rolls, or second-guessing an attorney’s decisions in the guise of an effective assistance review on direct appeal. Accordingly, affirmation of the defendant’s conviction and sentence is appropriate.

. State v. Johnson, 97-1906, pp. 5-6 (La.3/4/98), 709 So.2d 672, 675.

. Johnson, 97-1906 at 6, 709 So.2d at 676.

. Thus, there is no question that the defendant will be unable to raise either claim through an application for post-conviction relief and it is unnecessary to refer or cite unpublished opinions, a practice disfavored by the Louisiana Supreme Court, is unnecessary. See Roberts v. Sewerage and Water Board of New Orleans, 92-2048 (La.3/21/94), 634 So.2d 341, 349; Uniform Rules of Louisiana Courts of Appeal, Rule 2-16.

. State v. Thomas, 2008-2912 (La.10/16/09), 19 So.3d 466 (citing La.Code Crim. Proc. art. 930.3 and State v. ex rel Melinie v. Slate, 93-1380 (La.1/12/96), 665 So.2d 1172).

. Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (to establish prejudice, a defendant must prove that these errors deprived him of a fair trial by showing that “there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different”); State v. Garland, 482 So.2d 133, 135 (La.App. 4 Cir.1986) (defendant satisfy both prongs of test to establish that counsel was so ineffective as to require reversal).

. State v. Lentz, 2002-1201 (La.4/9/03), 844 So.2d 837, 840 (counsel's ineligibility to practice due to noncompliance with state CLE requirements not ineffective assistance per se); State v. McKinsey, 2000-0406, p. 12 (La.App. 4 Cir. 1/17/01), 779 So.2d 993, 1000 (allegation of ineffective assistance must be *1029 coupled with specific showing of prejudice, specifically particularized acts and omission occasioned by counsel’s non-compliance with CLE requirements that were prejudicial to the point of ineffective assistance).

. Denota, v. Vessel Mgmt. Sews., Inc., 07-2143, p. 6 (La.5/21/08), 983 So.2d 84, 88.