BONIN, J.,
concurs with reasons.
lil write additionally and separately[1] to call attention to the concern that this defendant, and likely many others like him, will never have the benefit of a meaningful judicial review of his claim of an unconstitutionally excessive sentence, a sentence which is proscribed by the Eighth Amendment and Louisiana Const, art. I, § 20. Mr. Allen’s sentence is presumptively constitutional. State v. Johnson, 97-1906, pp. 5-6 (La.3/4/98), 709 So.2d 672, 675. But no sentence is per se constitutional. Solem v. Helm, 463 U.S. 277, 290, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).
Superficially at least, Mr. Allen’s sentence is comparable to the one in State v. Dorthey, 623 So.2d 1276 (La.1993) in that he is a quadruple offender sentenced to the so-called[2] mandatory minimum sentence of twenty years for the simple possession of a small amount of crack cocaine. The fact that we have recognized his ineligibility for parole is a further important factor in the consideration of the exces-siveness of his sentence. See, e.g., Solem, supra at 297 (comparing the life sentence without eligibility to the life sentence with eligibility for parole in Rummel v. Estelle, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2cl 382 (1980)). But Mr. Allen will never get a substantive Dorthey review.
|2A direct appeal is the last chance in Louisiana for a convicted person to obtain judicial review of his or her sentence for constitutional excessiveness; post-conviction relief is unavailable on a claim of sentencing excessiveness. See La.C.Cr.P. art. 930.3. The Louisiana Supreme Court made clear in State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172 that
La.Code Crim. Proc. Art. 930.3, which sets out the exclusive grounds for granting post-conviction relief, provides no basis for review of claims of excessiveness or other sentencing error post-conviction. [citations omitted] Accordingly, relator’s claim for post-conviction based on the excessiveness of his sentence is denied.
*1030 More importantly for this discussion, citing only to Melinie and La.C.Cr.P. art. 930.3, the Louisiana Supreme Court in a per curiam decision recently (and after the briefing deadlines in this case) declared that a claim of ineffective assistance of counsel at sentencing is not cognizable on collateral review. State v. Thomas, OS-2912 (La.10/16/09), 19 So.3d 466. Accordingly, Mr. Allen cannot successfully raise a claim of ineffective assistance of counsel at sentencing through an application for post-conviction relief.[3] As far as the excessiveness of his sentence is concerned, this appeal is the end of the road for Mr. Allen.[4]
Due to the “critical nature of sentencing in a criminal case ... the right to counsel applies at sentencing.” Mempa v. Rhay, 389 U.S. 128, 134, 88 S.Ct. 254,19 L.Ed.2d 336 (1967). In Mempa, the Court stated:
“[T]he necessity for the aid of counsel in marshaling the facts, introducing evidence of mitigating circumstances and in general aiding and assisting the defendant to present his case to sentence is apparent.

Even more important in a case such as this is the fact that certain legal rights may be lost if not exercised at this stage.

\-Jd. at 135 (emphasis supplied)
Later, in its decision McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968) (per curiam), the United States Supreme Court held that the Sixth Amendment “right to counsel at sentencing must, therefore, be treated like the right to counsel at other stages of adjudication.” The Louisiana Supreme Court in State v.
White, 325 So.2d 584 (La.1976), noted that, in addition to the Sixth Amendment right to counsel,
Our state constitution recognizes the right to the assistance of counsel at every stage of the proceedings against a person accused of a crime, La. Const. Art. 1, Section 13 (1974), unless this right is intelligently waived....
A defendant is entitled to the assistance of his counsel at his sentencing; a sentence imposed in the absence of counsel is invalid and must be set aside, [citations omitted]
The amendment or correction of sentence was imposed upon the present defendant without his counsel being present. By reason of the legal authority above set forth, an amended or corrected sentence imposed without the assistance of counsel is invalid, at least where it arguably affects unfavorably the rights of the accused or where counsel might be of substantial assistance to the accused if present, (emphasis added)
In Maine v. Moulton, 474 U.S. 159,168-169, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985), the United States Supreme Court emphasized the indispensable right to counsel:
The right to the assistance of counsel guaranteed by the Sixth and Fourteenth Amendments is indispensable to the fair administration of our adversarial system of criminal justice. Embodying “a realistic recognition of the obvious truth that the average defendant does not have the professional legal skill to protect himself,” Johnson v. Zerbst, 304 U.S. 458, 462-463, 58 S.Ct. 1019, 82 L.Ed. 1461 ... (1938), the right to counsel safe *1031 guards other rights deemed essential for the fair prosecution of a criminal proceeding.
During our court’s consideration of this matter, it was learned that Mr. Allen’s counsel has been ineligible to practice law since October 1, 2008 for non-payment of bar dues and disciplinary assessment fees and is currently under interim suspension by the Louisiana Supreme Court. See In re Boyer, 09-1735 |4(La.7/29/09), 13 So.3d 1126.[5] The multiple bill hearing was held on October 14, 2008, and, on October 28, 2008, Mr. Allen was sentenced and his motion for reconsideration was denied. At no time did his counsel seek to introduce evidence or argue to the sentencing judge any facts which would support a finding that a twenty year sentence, without benefit of probation, parole, or suspension of sentence was excessive. There is nothing in the record to reasonably inform either the sentencing judge or a reviewing court about the particulars of Mr. Allen, his crime, or his criminal history other than the multiple bill allegations. We do not know, for example, his age, whether he is a crack addict, whether he had ever been treated for drug addiction, or whether lesser periods of incarceration had failed in deterring his illegal conduct. Whether, however, Mr. Allen was prejudiced at sentencing by the representation, especially since the record of his counsel’s handling of the motion to reconsider sentence to preserve appellate review for constitutional excessiveness does not seem particularly skillful,[6] see State v. Lentz, 02-1201, p. 5 (La.4/9/03), 844 So.2d 837, 840,[7] one cannot say from the bare record of the proceedings below.
Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), requires a dual determination that the defendant suffered from a breakdown in the adversary process that renders the result unreliable, that is the defendant must (1) show that counsel’s performance was deficient and (2) show that the deficient performance prejudiced the defense to the extent elaborated by Glover v. United States, 531 U.S. 198, 203, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001) (“Authority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance.”). Because of the paucity of factual information, no reviewing court Lean ascertain on this record whether this sentence could have been corrected on appeal, see Glover, 531 U.S. at 204, and, if so, what is the sentence of the greatest length which would not be constitutionally excessive. See State v. Addison, 94-2745 (La.6/23/95), 657 So.2d 974, 975. Our court on this record is simply unable to afford Mr. Allen a meaningful review of whether the Eighth Amendment’s “narrow proportionality principal” as applied to his non-capital sentence is violated. See Ewing v. California, 538 U.S. 11, 20, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003) and Dorthey, supra.
Moreover, under Thomas as I understand its import, no Louisiana court in the future will be able to apply Strickland to Mr. Allen’s counsel’s professional performance at his sentencing, which is arguably the most critical moment for a quadruple *1032 offender to have the effective assistance of counsel in asserting and preserving his rights. If Thomas does preclude post-appeal inquiry into counsel’s performance at sentencing and thereby insulates from judicial review a potentially excessive and disproportionate sentence imposed due to the failure of defense counsel to present a case for downward departure, then one would expect that future appellants would carefully consider assigning as error on their direct appeals not only the sentence’s excessiveness but also the ineffective assistance of their counsel at sentencing. Of course, in our adversarial system the better practice remains zealous advocacy by the defendant’s counsel in making a complete factual record at the sentencing hearing and at the hearing on the motion to reconsider so that the sentencing judge and the reviewing judges can meaningfully discharge then* constitutional duty to review a sentence for excessiveness.

. See, e.g., Hamilton v. Royal International Petroleum Corporation, 05-846 (La.2/22/06), 934 So.2d 25.

. The sentence is only “mandatory” if and when the prosecutor exercises his or her unbridled discretion to charge a defendant as an habitual offender. See La. R.S. 15:529.1 D(l)(a) ("... the district attorney of the parish in which the subsequent conviction was had may file an information accusing the person of a previous conviction ...” (emphasis supplied)). See also State v. Johnson, 97-1906, p. 11 (La.3/4/98), 709 So.2d 672, 678-679 (Johnson, J., dissenting).

. There has been a consistent line of unpublished cases in which this circuit applied the same rule pre-Thomas. See State v. Cobb, 09-468 (La.App. 4 Cir. 7/27/09) (unpub.); State v. Lindsey, 01-1519 (La.App. 8/27/01) (unpub.); State v. Gills, 00-2305 (La.App. 4 Cir. 11/21/00) (unpub.), and State v. Rousell, OS-85 1 (La.App. 4 Cir. 8/4/08) (unpub.).

. I do not venture into Mr. Allen’s possibilities under federal habeas relief under 28 U.S.C. § 2254. See, e.g.. Ward v. Dretke, 420 F.3d 479 (5th Cir., 2005).

. See also the Petition For Interim Suspension Under Louisiana Supreme Court Rule XIX, Section 19.2 filed by the Office of Disciplinary Counsel.

. See State v. McKinsey, 00-406, p. 14 (La.App. 4 Cir. 1/17/01), 779 So.2d 993, 1001.

.In Lentz there was a hearing record from the trial court upon which the appropriate factual and legal evaluations could be made.